■ In the Matter of RAYMOND LUTZ, Petitioner, v ALICE A. AMRHEIN, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services dated September 17, 1986, which, after a fair hearing, affirmed so much of a determination of the respondent Commissioner of the Suffolk County Department of Social Services as authorized the recovery of $9,949.83 from the petitioner's lump-sum award of Supplemental Security Income.

Adjudged that the determination is confirmed insofar as reviewed and the proceeding is dismissed on the merits, without costs or disbursements.

In July 1983 the petitioner applied to the Social Security Administration for Supplemental Security Income (hereinafter SSI) benefits, alleging that he suffered from mental and emotional impairments. On March 27, 1984, during the pendency of his appeal from a determination denying him SSI benefits, he applied to the Suffolk County Department of Social Ser-

vices (hereinafter local agency) for interim home relief, and signed an application containing the following provision: "the undersigned, authorize the Secretary of the United States Department of Health and Human Services to make my * * * first Supplemental Security Income (SSI) payment to the local social services district * * *. I further authorize the local social services district, as a condition of receiving public assistance in accordance with New York. State policy, to deduct from that first SSI payment an amount equal to the sum of all interim assistance made to or on behalf of me * * * by local social services districts from the the beginning of the month I * * * applied for and was * * * eligible for SSI".

In February 1986 the petitioner submitted a signed "Repayment of Interim Assistance Authorization" wherein he once again agreed to have any subsequent retroactive SSI payment sent to the local agency and further agreed to have deducted from that payment an amount equal to the sum of all public assistance moneys paid to him.

On March 26, 1986, the Social Security Administration awarded the petitioner SSI benefits retroactive to July 20, 1983, in the form of two lump-sum checks in the amount of $9,854.58 and $1,462, respectively. The two checks were sent to the local agency. The local agency retained the first check and $95.25 of the second check as recoupment of the entire amount of $9,949.83, which the petitioner had received in home relief.

On May 9, 1986, the petitioner requested a fair hearing pursuant to Social Services Law § 22 to challenge the local agency's determination to retain the $9,949.83. A hearing took place on July 30, 1986. On direct examination, the petitioner testified that he had never signed an interim assistance agreement prior to February 1986 and that he signed the agreement at that time only because the local agency had threatened to discontinue his public assistance payments and Medicaid eligibility if he refused to do so.

In the determination under review, the State Commissioner found that the petitioner had validly authorized recoupment when he executed his application for public assistance on March 27, 1984, and again by signing the "Repayment of Interim Assistance Authorization" form in February 1986.

Notwithstanding the petitioner's claims to the contrary, the record makes clear that the State Commissioner's determination was supported by substantial evidence (see, Matter of Pell v Board of Educ., 34 NY2d 222).

Furthermore, even in the absence of these authorizations, a local social services agency is authorized to seek recoupment of aid paid a recipient whenever it discovers the recipient to be in possession of a windfall *(see,* Social Services Law § 104; *Fulton County Natl. Bank & Trust Co. v Call,* 117 Misc 2d 39). Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.