CELESTINO CABASQUINI *v.* COMMISSIONER OF SOCIAL SERVICES
(13730)

HEIMAN, SPEAR and HENNESSY, Js.

Argued April 18—decision released July 25, 1995

*Joanne Gibau,* for the appellant (plaintiff).

*Jennifer C. Jaff,* assistant attorney general, with whom were *Peter L. Brown,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellee (defendant).

SPEAR, J. The plaintiff appeals from the judgment of the trial court affirming the defendant's disbursement of a portion of the plaintiff's retroactive social security income benefits to the city of New Haven. On appeal, the plaintiff asserts that the disbursement was improper because (1) the plaintiff's written authoriza-

tion for such disbursement, required by statute,[1] had expired, and (2) the retroactive benefits were not disbursed within ten working days after the defendant received the benefit checks as required by statute.[2] We disagree with both of the plaintiff's assertions and affirm the judgment of the trial court.

The pertinent facts are as follows. The plaintiff applied for supplemental security income disability benefits on October 29, 1986. While his application was pending, the plaintiff received interim assistance from the city of New Haven.[3] The plaintiff signed a written authorization that permitted the Social Security Administration (SSA) to disburse the plaintiff's retroactive supplemental benefits to the defendant for the purpose of reimbursing the city for the interim assistance it had paid to the plaintiff.[4] The trial court found that the authorization expired on July 15, 1992. On January 5, 1993, the plaintiff received notice that he had been awarded supplemental benefits totaling $12,094.42[5]

[1] Title 42 of the United States Code § 1383 (g) (1) provides in pertinent part: "[T]he Secretary may, upon written authorization by an individual, withhold benefits due with respect to that individual and may pay to a State . . . from the benefits withheld an amount sufficient to reimburse the State (or political subdivision) for interim assistance furnished on behalf of the individual by the State (or political subdivision)."

[2] Title 42 of the United States Code § 1383 (g) (4) (A) provides in pertinent part: "[I]f the Secretary makes payment to the State . . . in reimbursement for interim assistance . . . for any individual in an amount greater than the reimbursable amount . . . the State . . . shall pay to the individual the balance of such payment in excess of the reimbursable amount as expeditiously as possible, but in any event within ten working days or a shorter period specified in the agreement . . . ."

[3] The plaintiff received general assistance benefits from the city from December 1, 1985 through September 30, 1991.

[4] The authorization was valid for one year from the date it was received by the department of income maintenance. The date of receipt was July 15, 1991.

[5] The defendant received the plaintiff's benefit checks from the SSA on November 9 and December 7, 1992. On December 4 and December 15, 1992, the defendant remitted the funds to the city for reimbursement.

and that his initial retroactive supplemental benefit checks were being sent to the defendant for subsequent remittance to the city. The notice of award also advised the plaintiff that he had a right to appeal the decision of the SSA within sixty days if he disagreed with the amount sent to the state for interim assistance reimbursement. The plaintiff did not appeal.

After learning of the defendant's receipt and subsequent disbursement of some of his benefits, the plaintiff filed a request for a fair hearing on December 9, 1992.[6] The plaintiff claimed that the defendant was not entitled to reimburse the city because his written authorization had expired. Further, the plaintiff argued that because the defendant had failed to disburse the plaintiff's supplemental benefits within the statutory ten day period, federal law mandated that the defendant remit the entire amount directly to him. A fair hearing was held on January 28, 1993.

The fair hearing officer concluded that the defendant properly reimbursed the city from the proceeds of the plaintiff's retroactive supplemental benefits despite the expiration of the authorization and the lapse of the ten working day period for processing the checks. The plaintiff appealed this decision to the trial court. The trial court upheld the decision of the fair hearing officer, and this appeal ensued.

First, we note that our review of an administrative appeal is limited. Our Supreme Court has established a firm standard that is " 'appropriately deferential to agency decision making, yet goes beyond a mere judicial "rubber stamping" of an agency's decisions.' " *Connecticut Light & Power* v. *Dept. of Public Utilities Control*, 219 Conn. 51, 57, 591 A.2d 1231 (1991); *Wood-*

---

[6] The fair hearing was filed pursuant to General Statutes (Rev. to 1993) § 17-2a (now § 17b-60).

*bury Water Co.* v. *Public Utilities Commission,* 174 Conn. 258, 260, 386 A.2d 232 (1978). Courts will not substitute their judgment for that of the agency where substantial evidence exists on the record to support the agency's decision, and where the record reflects that the agency followed appropriate procedures. *Samperi* v. *Inland Wetlands Agency,* 226 Conn. 579, 587, 628 A.2d 1286 (1993); *Lieberman* v. *State Board of Labor Relations,* 216 Conn. 253, 262, 579 A.2d 505 (1990); *Baerst* v. *State Board of Education,* 34 Conn. App. 567, 571, 642 A.2d 76, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).

I

The plaintiff first maintains that the expiration of his written authorization terminated the defendant's right to remit a portion of his retroactive supplemental benefits to the city as reimbursement for the interim assistance it furnished to the plaintiff. The plaintiff principally relies on 42 U.S.C. § 1383 (g) (1)[7] in support of his contention. Section 1383 (g) (1) requires written authorization from the recipient before the SSA may disburse benefit checks to the state for subsequent remittance to the municipality for reimbursement. Because the plaintiff's authorization had expired at the time the defendant remitted a portion of the plaintiff's supplemental benefits to the city,[8] the plaintiff claims that the defendant violated § 1383. We disagree.

Federal statute 42 U.S.C. § 1383 (g) (1) and 20 C.F.R. § 416.1904[9] compel us to conclude that the plaintiff's

[7] See footnote 1.

[8] The parties do not dispute that the plaintiff's written authorization expired on July 15, 1992, months before the defendant processed the plaintiff's retroactive benefit checks.

[9] Section 416.1904 of 20 C.F.R. provides in pertinent part: "We may withhold your [supplemental] benefit payment and send it to the State to repay the State for the interim assistance it gave to you, if . . . [y]our authorization is in effect at the time we make the [supplemental] benefit payment."

claim should have been asserted against the SSA, not the defendant. Under federal law, the burden is on the SSA, not the state, to ensure the presence of a valid written authorization. While § 1383 (g) (1) governs the need for written authorization before the initial disbursement of funds from the SSA to the state, the statute is silent concerning the need for such authorization before the state can subsequently remit funds to the municipality for reimbursement.

Section 416.1904 conclusively places the onus on the SSA, not the state, to confirm that a valid written authorization has been filed. That regulation states that the SSA can not "withhold [a recipient's supplemental] benefit payment and send it to the State" until an authorization has been filed. As in § 1383 (g) (1), this regulation places no legal obligation on the defendant to ascertain whether the plaintiff has filed a valid authorization. Federal law, therefore, affords the plaintiff no relief against the defendant.

The plaintiff was fully informed of his right to appeal SSA's decision to disburse his retroactive supplemental benefits to the defendant despite the expiration of his authorization. If the plaintiff believed that the expiration of his authorization necessitated that all retroactive benefit disbursements be paid directly to him, then the plaintiff should have exercised his right to appeal. Having failed to file a timely appeal, the plaintiff forfeited his right to challenge the decision of the SSA.

Connecticut statutes also militate against the plaintiff's claim. General Statutes § 17b-128, which establishes the responsibilities of interim assistance recipients, directs that "[a]ny person who receives relief from any town or municipality of this state shall be liable to reimburse such town or municipality for any moneys or relief received." Further, General Statutes

§ 17b-119 (a) (1) requires that the "full amount of any interim assistance reimbursement received by the state shall be applied to reduce any obligation owed to the town by such applicant or recipient." These statutes require the defendant to reimburse the city from the proceeds of the plaintiff's supplemental benefits.

## II

The plaintiff next contends that the defendant's failure to disburse his retroactive supplemental benefits to the city within ten working days violated 42 U.S.C. § 1383 (g) (4) (A)[10] and 20 C.F.R. § 416.1910 (b) (1).[11] He argues that he is therefore entitled to receive the supplemental benefits in full.[12]

No remedy is provided in the statutes or regulations for a violation of the ten day rule. In support of his claim, the plaintiff principally relies on *Baez* v. *Bane*, 159 Misc. 2d 838, 606 N.Y.S.2d 973 (1993). In *Baez*, the court focused on the repeated failure of the New York City department of social services "to comply with the legal requirements for reimbursement" under § 1383 (g) (4) (A). *Baez* v. *Bane*, supra, 845. The court reasoned that

---

[10] See footnote 2.

[11] Section 416.1910 (b) of 20 C.F.R. provides in pertinent part: "The State must agree that, if we repay it an amount greater than the amount of interim assistance it gave to you, the State will . . . [p]ay the excess amount to you no later than 10 working days from the date the State receives repayment from us . . . ."

[12] The plaintiff also relies on the department of income maintenance general assistance policy manual. The manual dictates that "[a]ll funds remaining after the tenth working day must be paid directly to the claimant." General Assistance Policy Manual (1991) c. III, § XXV (b) (3). The fair hearing officer correctly concluded, however, that this mandate conflicted with General Statutes § 17-273c that entitles a municipality to receive reimbursement for the interim assistance it furnishes to a supplemental benefits recipient. The plaintiff cites no authority for the proposition that where state statute and state departmental policy conflict, the policy supersedes, and we find none.

since the city had "repeatedly violated the time restraints statutorily imposed upon it," the recipient was entitled to receive his entire supplemental benefits. Id., 847.

The decision in *Baez* is neither binding on us nor helpful in resolving the plaintiff's claim. There, the court fashioned an appropriate remedy to address systematic and regular violations of the ten day requirement. Such misfeasance is not present here. The hearing officer found that the defendant delayed disbursement to the city principally because the defendant did not receive the necessary information from the SSA in a timely fashion. The plaintiff does not challenge this finding. Unlike the egregious mistakes in *Baez*, there is no evidence in this record showing any systematic and regular practices on the part of the defendant to violate the mandates of § 1383 (g) (4) (A) and 20 C.F.R. § 416.1910 (b) (1).

The plaintiff also relies on *Rivers* v. *Schweiker*, 523 F. Sup. 783 (S.D.N.Y. 1981), aff'd, 692 F.2d 871 (2d Cir. 1982), in support of his argument. The decision in *Rivers*, however, further militates against the plaintiff's claim in this case. In *Rivers*, the plaintiff recipients of interim assistance challenged the practice of the New York City department of social services in delaying the processing of their supplemental benefit checks. Id., 785. While the trial court noted that "such delays are clearly forbidden by the federal, state and local regulations," the court refused to grant the plaintiffs' request to receive their supplemental benefits in full. Id., 789. The court ordered that the *excess* over the reimbursement amount be paid to recipients within the ten working day period. Id. On appeal, the Court of Appeals held that the trial court did not abuse its discretion in fashioning appropriate relief. *Rivers* v. *Schweiker*, 692 F.2d 871, 874 (2d Cir. 1982).

We conclude that the agency followed appropriate procedures in fashioning a remedy in this case. The hearing officer ordered the defendant to pay the plaintiff $1341.92 as the excess over the reimbursement owed to the city. This payment was ordered after the fair hearing officer determined that the reimbursement had been improperly calculated. Although the plaintiff asserts that he should have received all of the retroactive benefits because of the violation of the ten day rule, there is substantial evidence on the record in support of the agency's decision to order only the excess over the reimbursement amount disbursed to the plaintiff.

The remedy that the plaintiff seeks frustrates the purpose underlying the program that provides interim assistance. The main purpose is to provide temporary support to those who qualify under state statute. Once a recipient receives federal assistance through the SSA, the state's need to provide this support diminishes. Further, the clear and unambiguous language §§ 17b-128 and 17b-119 dictates that the state and its municipalities are entitled to reimbursement. This reimbursement covers any interim assistance they have provided where the recipient receives retroactive supplemental benefits for the same time period. These state statutes, read in conjunction with the federal statute and regulation, clearly preclude a recipient from receiving both interim assistance and retroactive supplemental benefits covering the same time period. To hold otherwise would permit a recipient to enjoy an unjustified windfall, which is a result inconsistent with the express language and the purpose of the law.

The judgment is affirmed.

In this opinion the other judges concurred.