[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Benedict Frosceno appeals from a decision of the defendant Board of Firearms Permit Examiners (board) revoking his permit to carry a pistol. The Board acted pursuant to General Statutes § 29-32b and found that the plaintiff was not a suitable person under § 29-32. The plaintiff appeals under General Statutes § 4-183, and the court finds in favor of the plaintiff.
This case has a noteworthy procedural history. On April 22, 1996, the plaintiff received notice from the Department of Public Safety that his permit was revoked effective immediately, as a result of your involvement in an incident investigated by Brookfield Police Department." (Return of Record (ROR), Item 1). Pursuant to General Statutes § 29-32b, the board held a hearing on June 19, 1996. On July 3, 1996, the board issued its decision that because the plaintiff is not a suitable person, there is just and proper cause for the revocation of his permit to carry pistols and revolvers. The plaintiff appealed that decision to this court. On March 5, 1997, the court, Maloney, J., sustained the plaintiff's appeal and, pursuant to General Statutes § 4-183 (k), remanded the case to the board to render a new decision consistent with its decision. Frosceno v.Board of Firearms Permit Examiners, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 563392 (March 5, 1997). Thereafter, on May 14, 1997, the board CT Page 3025 reconsidered its decision and again found just and proper cause for the revocation of the plaintiff's permit because he was not a suitable person. This appeal followed.
In this appeal the plaintiff raises two issues. First he claims that there is not substantial evidence to support the board's finding that the plaintiff is not suitable. He also claims that the board's decision was arbitrary, capricious and characterized by an abuse of discretion or clearly unwarranted exercise of discretion based upon the hearsay evidence it considered.
A basic principle of administrative law is that the scope of the court's review is very limited. General Statutes § 4-183
(j) in pertinent part provides:
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"Our Supreme Court has established a firm standard that is appropriately deferential to agency decision making, yet goes beyond a mere judicial `rubber stamping' of an agency's decisions. Connecticut Light Power v. Dept. of Public UtilitiesControl, 219 Conn. 51, 57, 591 A.2d 1231 (1991); Woodbury WaterCo. v. Public Utilities Commission, 174 Conn. 258, 260,386 A.2d 232 (1978). Courts will not substitute their judgment for that of the agency where substantial evidence exists on the record to support the agency's decision, and where the record reflects that the agency followed appropriate procedures. Samperi v. InlandWetlands Agency, 226 Conn. 579, 587, 628 A.2d 1286 (1993);Lieberman v. State Board of Labor Relations, 216 Conn. 253, 262,579 A.2d 505 (1990); Baerst v. State Board of Education,34 Conn. App. 567, 571, 642 A.2d 76, cert. denied, 230 Conn. 915,645 A.2d 1018 (1994)." (Internal quotation marks omitted.) Cabasquini v.Commissioner of Social Services, 38 Conn. App. 522, 525-26, cert. denied, 235 Conn. 906 (1995). CT Page 3026
The court's prior decision ordering a remand under General Statutes § 4-183 (k) is determinative of the plaintiff's appeal. In its decision, the court noted that the conviction of the misdemeanor, larceny in the 4th degree, was not one of the offenses included in General Statutes § 29-32. That statute recites in pertinent part:
 Revocation of permit. Notification. Penalty for failure to surrender permit. Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such permit of a felony or of any misdemeanor specified in subsection (b) of section 29-28 or upon the occurrence of any event which would have disqualified the holder from being issued the permit pursuant to subsection (b) of section 29-28. For the purposes of this section, "conviction" means the entry of a judgment of conviction by any court of competent jurisdiction. . . .
(Emphasis added.)
General Statutes § 29-28 (b) provides in pertinent part:
 Upon the application of any person having a bona fide residence or place of business within the jurisdiction of any such authority or upon the application of any bona fide resident of the United States having a permit or license to carry any firearm issued by the authority of any state or subdivision of the United States, such chief of police, warden or selectman may issue a permit to such person to carry a pistol or revolver within the jurisdiction of the authority issuing the same, provided such authority application of any bona fide resident of the United States having a permit or license to carry any firearm issued by the authority of any state or subdivision of the United States, such chief of police, warden or selectman may issue a permit to such person to carry a pistol or revolver within the jurisdiction of the authority issuing the same, provided such authority shall find that such applicant intends to make no use of anyCT Page 3027 pistol or revolver which he may be permitted to carry thereunder other than a lawful use and that such person is a suitable person to receive such permit. No permit to carry a pistol or revolver shall be issued under this subsection if the applicant (1) has failed to successfully complete a course approved by the Commissioner of Public Safety in the safety and use of pistols and revolvers including, but not limited to, a safety or training course in the use of pistols and revolvers available to the public offered by a law enforcement agency, a private or public educational institution or a firearms training school, utilizing instructors certified by the National Rifle Association or the Department of Environmental Protection and a safety or training course in the use of pistols or revolvers conducted by an instructor certified by the state or the National Rifle Association, (2) has been convicted of a felony or of a violation of subsection (c) of section 21a-279, section 53a-58, 53a-61, 53a-61a, 53a-62, 53a-63, 53a-96, 53a-175, 53a-176, 53a-178 or 53a-181d, (3) has been discharged from custody within the preceding twenty years after having been found not guilty of a crime by reason of mental disease or defect pursuant to section 53a-13, (4) has been confined in a hospital for mental illness, as defined in section 17a-495, within the preceding twelve months by order of a probate court, (5) is subject to a restraining or protective order issued by a court in a case involving the use, attempted use or threatened use of physical force against another person or (6) is an alien illegally or unlawfully in the United States.
(Emphases added).
There were two findings in the first board decision:
 1. On November 17, 1995, the appellant was arrested for Larceny and Conspiracy to Commit Larceny as a result of theft of a computer from the store where he was employed.
2. On April 23, 1996, the appellant plead guilty CT Page 3028 to Larceny 4th.
The court found that if the revocation is based upon the conviction of a misdemeanor not included in General Statutes § 29-28 (b), the board must examine the underlying conduct to determine suitability. Since the board had not made any such findings, the court remanded the case with the direction to articulate the facts it found that would support the conclusion that the plaintiff lacks "the essential character or temperament necessary to be entrusted with a weapon, that is, that he would pose a danger to the public if allowed to carry a gun outside his home or business." Frosceno v. Board of Firearms PermitExaminers, supra, p. 3.
On remand, the board added one finding to the two findings it made in its previous decision. That finding reads:
 3. The Board did not find the appellant's testimony credible, and he violated the high trust place in him as a security officer by his employer.
This finding does not provide the required articulation, which was to "fully state its findings and conclusions" ordered by the court. Further, it does not provide the requisite findings for a determination of suitability under Dwyer v. Farrell, 193 Conn. 7,12 (1984) and Rabbitt v. Leonard, 36 Conn. Sup. 108, 115-16
(1979). See also Storale v. Mariano, 35 Conn. Sup. 28, 32-33 (1978). The court cannot substitute its judgment for the board's but it must sustain this appeal if it finds the decision clearly erroneous in light of the entire record of this case. While the court might find facts differently from the board, it cannot do so and must accept the findings of fact that are supported by the record. The findings here do not address the critical issue of whether the plaintiff is a suitable person to possess a gun permit. The underlying incident concerned the theft of a computer from the plaintiff's employer, the Wiz. The record contains no evidence that a gun was involved in the incident or that there was any threat of injury to any person. A general finding of a lack of credibility is clearly not enough. The board's bare finding that the plaintiff violated the high degree of trust of a security officer does not establish him as a danger to the public if he is allowed to carry a gun outside his home.
The appeal is sustained. CT Page 3029
DiPENTIMA, J.
CT Page 3255