[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal by the plaintiff, Chad Keyes, from a decision by the defendant, Board of Firearms Permit Examiners of the State of Connecticut ("Board"), which affirmed the decision of the Commissioner of Public Safety ("Commissioner") to revoke the plaintiff's state permit to carry pistols and revolvers. The Board acted pursuant to the provisions of General Statutes § 29-32b. The plaintiff's appeal to this court, brought pursuant to General Statutes § 4-183 et seq., was timely filed.
Most of the basic underlying facts are not in dispute. On April 15, 1998, at approximately 10:05 p.m., the plaintiff drove to the home of a coworker, Lenda Spencer, in Hartford, to give her a ride to work at Preston Engravers in East Windsor. Spencer's shift started at 10:30 p.m. CT Page 9517 and Keyes' shift started at 11:30 p.m. When Keyes arrived, he had a nine millimeter semiautomatic handgun with him, for which he was properly licensed. The plaintiff did not want to bring the firearm to work with him, having had a firearm stolen from his vehicle at work approximately two weeks earlier. The plaintiff asked Spencer if he could leave the firearm at her home until their work shifts ended. Spencer directed the plaintiff to leave the firearm in her bedroom which locked. After doing so, the plaintiff left Spencer's house and waited in his car for Spencer who came out a short time later. The two then left for work together. (Return of Record ("ROR"), Item 6.)
Unbeknownst to the plaintiff, Spencer took the firearm to work. At work, Spencer entered the building while the plaintiff remained in his car in the parking lot, waiting for his shift to start. (ROR, Item 7.) Once inside, Spencer approached her supervisor, with whom she had been having problems, and confronted him about her complaints. Spencer then reached into her coat pocket and pulled out the firearm. Her boss fled and Spencer followed, and began shooting at her boss. (ROR, Item 7.)
Officers of the East Windsor police department, including Officer Raymond Fahey, responded to a report of gunfire at Preston Engravers on the evening of April 15, 1998. Upon arrival, Officer Fahey discovered employees scattered throughout the parking lot and the adjoining woods. Officer Fahey observed Spencer near the exit to the building, with the firearm in her hand. Spencer surrendered, and reported to the police that she had stolen the firearm from the plaintiff. (ROR, Item 10, Transcript ("Tr."), pp. 2-7.)
Thereafter, on May 4, 1998, the Commissioner revoked the plaintiff's state permit to carry pistols and revolvers and on May 15, 1998, in reliance upon the Commissioner's revocation of his state permit, the Windsor police department revoked the plaintiff's town permit to carry pistols and revolvers. The plaintiff timely appealed the revocation of both permits to the defendant Board. (ROR, Items 1, 5.) On January 27, 1999, the Board held a hearing on the plaintiff's appeal pursuant to General Statutes § 29-32b. The defendant Board issued its decision on February 5, 1999, denying the plaintiff's appeal and upholding the revocation of his state permit, although the decision did not address the plaintiff's town permit. This administrative appeal to the Superior Court from the Board's decision followed.
This court's "review of an administrative appeal is limited. Our Supreme Court has established a firm standard that is appropriately deferential to agency decision making, yet goes beyond a mere judicial `rubber stamping' of an agency's decisions. Connecticut Light Power v.Dept. of Public Utilities Control, 219 Conn. 51, 57, 591 A.2d 1231
CT Page 9518 (1991); Woodbury Water Co. v. Public Utilities Commission, 174 Conn. 258,260, 386 A.2d 232 (1978). Courts will not substitute their judgment for that of the agency where substantial evidence exists on the record to support the agency's decision, and where the record reflects that the agency followed appropriate procedures. Samperi v. Inland WetlandsAgency, 226 Conn. 579, 587, 628 A.2d 1286 (1993); Lieberman v. StateBoard of Labor Relations, 216 Conn. 253, 262, 579 A.2d 505 (1990); Baerstv. State Board of Education, 34 Conn. App. 567, 571, 642 A.2d 76, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994)." (Internal quotation marks omitted.) Cabasquini v. Commissioner of Social Services, 38 Conn. App. 522,525-26, cert. denied, 235 Conn. 906 (1995).
A court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v. Freedom of InformationCommission, 221 Conn. 393, 397, 604 A.2d 351 (1992). Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in lightof the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . .New Haven v. Freedom of Information Commission, 205 Conn. 767, 774,535 A.2d 1297 (1988)." (Emphasis in original; internal quotation marks omitted.) Perkins v. Freedom of Information Commission, 228 Conn. 158,164-65 (1993).
In this administrative appeal to the Superior Court, the plaintiff claims that the Board's decision was clearly erroneous in view of the reliable, probative and substantial evidence, that the Board acted arbitrarily, capriciously and in abuse of discretion, that there was not substantial evidence to support the Board's action, and that there was no cause for the revocation of the permit as required by General Statutes § 29-32. The plaintiff advances a number of other arguments, which can be included in the foregoing seeking reversal of the Board's decision.
The Board's decision in this matter is a one page letter to the plaintiff dated February 5, 1999. (ROR, Item 9.) The findings of the Board are contained in a two sentence paragraph which provides as follows:
The members of the Board of Firearms Permit Examiners found that you failed to show proper judgement in giving a weapon to a person whom later attempted to shoot her employer. The Board did not find the testimony to be believable and therefore find for the CT Page 9519 issuing authority.
(ROR, Item 9.)
The Board's decision followed a de novo hearing on the plaintiff's appeal from a decision of the Commissioner to revoke the plaintiff's permit to carry pistols and revolvers. This appeal to the Board was brought pursuant to General Statutes § 29-32b(b).
Here, the Board argues that there was just cause for revoking the plaintiff's permit. Pursuant to General Statutes § 29-28 (b), the Commissioner issues statewide pistol permits. The Commissioner can revoke permits pursuant to General Statutes § 29-32, which provides, in pertinent part, as follows:
 Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such permit of a felony or any misdemeanor specified in subsection (b) of section 29-28 or upon the occurrence of any event which would have disqualified the holder from being issued the permit pursuant to subsection (b) of section 29-28.
(Emphasis added.) The disqualifications referred to in § 29-32 are set forth in General Statutes § 29-28 (b), which provides, in pertinent part:
 Upon the application of any person having a bona fide residence or place of business within the jurisdiction of any such authority or upon the application of any bona fide resident of the United States having a permit or license to carry any firearm issued by the authority of any state or subdivision of the United States, such chief of police, warden or selectman may issue a permit to such person to carry a pistol or revolver within the jurisdiction of the authority issuing the same, provided such authority shall find that such applicant intends to make no use of any pistol or revolver which he may be permitted to carry thereunder other than lawful use and that such person is a suitable person to receive such permit.
(Emphasis added.) CT Page 9520
The Connecticut Supreme Court has stated: "General Statutes §§ 29-28
through 29-38 clearly indicate a legislative intent to protect the safety of the general public from individuals whose conduct has shown them to be lacking the essential character or temperament necessary to be entrusted with a weapon." (Internal quotation marks omitted.) Dwyer v. Farrell,193 Conn. 7, 12 (1984). In determining the definition of "suitable person," the court in Storace v. Mariano, 35 Conn. Sup. 28, 33 (1978), concluded that the term "suitable," as it is used in § 29-28, means "proper, able, qualified, fit" and applied that standard to reverse the board's finding that the plaintiff there was not suitable to possess a gun permit.
In the present case, the Board argues that the plaintiff, by his conduct, proved himself to be not "suitable" to have a firearm permit. The argument is that permit revocation is appropriate where the Board finds that the permittee can no longer be trusted to safely carry a firearm. However, the Achilles heel of the Board's argument is that it failed to make findings of fact sufficient to support the argument that the plaintiff is not suitable.
Again, the only explanation offered by the Board in upholding the revocation of the plaintiff's firearms permit on February 5, 1999, was the following:
 Members of the Board of Firearms Permit Examiners found that you failed to show proper judgement in giving a weapon to a person whom later attempted to shoot her employer. The Board did not find the testimony to be believable and therefore find for the issuing authority.
(ROR, Item 9.)
The second sentence of the Board's two sentence findings make little sense to this court since the only testimony heard by the Board came from the state's only witness, Officer Fahey of the East Windsor police department. If the Board did not find that testimony to be believable, it is difficult to imagine how that fact could be held against the plaintiff.
In the first sentence of its findings, the Board states that the plaintiff "failed to show proper judgement in giving a weapon to a person whom later attempted to shoot her employer." The Board made no findings of fact to support that conclusion. This court has examined the entire record of the proceedings below and finds little to support that conclusion. This court recognizes that under General Statutes § 4-183
CT Page 9521 (j), its review of the Board's factual determination is limited in that it should not substitute its judgment for that of the Board as to the weight of the evidence on questions of fact. The Board's factual determination must be sustained if it is reasonably supported by substantial evidence in the record. New England Cable Television Assn.,Inc. v. Department of Public Utility Control, 247 Conn. 95, 117-18
(1998). In his testimony, Officer Fahey stated that the person who later attempted to shoot her employer stated that she had stolen the weapon from a friend. (ROR, Item 10, Tr., p. 7.) Indeed, the shooter was subsequently charged with the offense of theft of a firearm. (ROR, Item 10, Tr., p. 11.) When asked to explain how the shooter could be charged with theft of a firearm if the plaintiff had given the shooter the use and possession of the firearm, Officer Fahey responded: "I choose not to answer at this time, sir." (ROR, Item 10, Tr., p. 11.) Moreover, the plaintiff is listed as a witness against the shooter in the police report. (ROR, Item 7.) In his statement to the police, the plaintiff had detailed leaving the firearm in the bedroom of the shooter for safekeeping while he went to work. (ROR, Item 6.)
In the present case, the Board failed to articulate facts sufficient to show that the plaintiff lacks "the essential character or temperament necessary to be entrusted with a weapon." Dwyer v. Farrell, supra,193 Conn. 12. Given the limited findings by the Board, it is impossible to conclude that the plaintiff lacks the essential character necessary to be entrusted with a firearm. Thus, this court will conclude that the Board's decision is clearly erroneous in view of the reliable, probative and substantial evidence in the whole record, pursuant to General Statutes § 4-183 (j).
Additionally, this court finds that the Board's failure to articulate the legal and factual bases for its action in revoking the plaintiff's permit renders that decision arbitrary. capricious and an abuse of discretion. By failing to articulate the basis for its decision, the Board, in effect, precluded any meaningful review by this court. This, of course, is contrary to the dictates of General Statutes § 4-183 et seq.
Finally, the Board failed to address the Windsor town permit in its decision. The plaintiff clearly had informed the Board that he was appealing the revocation of both his state permit and his Windsor town permit to carry firearms. (ROR, Item 5.) Accordingly, this decision will address both permits.
Based on all of the foregoing, this court finds that there was no substantial evidence to support the Board's decision in this matter. Pursuant to General Statutes § 4-183(j), the plaintiff's appeal is CT Page 9522 sustained. Accordingly, pursuant to § 4-183 (k), this case is remanded to the Board with directions to order the plaintiff's state and town permits to carry a pistol or revolver be restored.
Michael Hartmere, Judge