■ VIRGINIA KINSFATHER, Respondent-Appellant, v. JOSEPH W. GRUENEBERG et al., Appellants-Respondents, and ROGER CRAIG, Respondent.— Cross appeals from a judgment of the Supreme Court, entered June 17, 1974 in Otsego County, upon a jury verdict rendered at a Trial Term. This tragic accident in which the plaintiff Kinsfather was seriously injured and another was killed took place in the Town of Islip at the intersection of Johnson Avenue and Sunrise Highway at about 1:00 P.M. on April 15, 1972. Sunrise Highway runs generally east and west and at this point consists of two through lanes and turning lanes for northbound and southbound exiting traffic to Johnson Avenue. A grassy mall, 15 to 20 feet in width, separates eastbound and westbound traffic on Sunrise Highway. The intersection is controlled by traffic lights, but there are no arrows separately controlling left or right turns. The defendant Grueneberg was proceeding westerly on Sunrise Highway in the southerly lane of the through lanes and Craig, traveling in the same direction, had pulled to his left into the lane provided for traffic intending to exit on

Johnson Avenue to proceed southerly. Craig stopped at the edge of Johnson Avenue while a yellow station wagon moving northward passed by. Behind the station wagon came the Warner vehicle, with plaintiff and another as passengers. Mrs. Warner stopped southerly of Craig in the northbound lane of Johnson Avenue and she and Craig apparently engaged in a "staring" contest until Craig pulled ahead and around the Warner car and headed south. Mrs. Warner then proceeded directly ahead in a northerly direction and was struck by the Grueneberg car. According to the testimony, during all of this time the light was green for Sunrise Highway traffic and red for motorists on Johnson Avenue. The pavement was wet in spots from a previous rain and the speed limit for the area was 55 miles per hour. Neither the plaintiff Kinsfather, because of her disabling injuries, nor Mrs. Warner, an apparent amnesia victim, testified at trial. The jury found no cause for action in plaintiff's suit against Craig, but awarded her $75,000 in damages against Grueneberg and Mrs. Warner and apportioned the liability between them at 77% for Warner and 23% for Grueneberg. The plaintiff and the defendants Grueneberg and Warner appeal on several grounds. All urge that the verdicts, adverse to their respective interests, were against the weight of the evidence, in that plaintiff and Warner contend that Craig was guilty of actionable negligence along with Grueneberg. The latter asserts that Warner was solely to blame and that he, Grueneberg, was free from negligence as a matter of law because there was no possible way for him to avoid the accident. As to Grueneberg's contention, we find no merit. He was proceeding at 45-50 miles per hour; knew there was a busy intersection ahead; could observe that the pavement was wet and, by his own testimony, was denied a full view of possible approaching traffic on Johnson Avenue by the presence of vehicles in the exiting lanes. Certainly the jury could have found that his operation of the vehicle failed to meet the requirements of subdivisions (a) and (e) of section 1180 of the Vehicle and Traffic Law and that this conduct was a contributing proximate cause of the accident. In seeking refuge in the emergency doctrine, as he does here on appeal, Grueneberg overlooks the fact that the doctrine is bottomed upon the idea that the situation suddenly and unexpectedly confronted must not be of his own making, nor can he have contributed to its making. It seems obvious that the jury rejected this doctrine and on the record they were justified in finding that his speed under the conditions prevailing did contribute to the making of the situation he encountered. Whether his action under the circumstances was unreasonable and a concurrent cause of the accident was a proper jury question (*Livant* v. *Adams*, 17 A D 2d 784). The assertion of the plaintiff and Warner that the verdict was against the weight of the evidence also lacks merit. It is based on their contention that Craig violated section 1111 (subd. [a], par. 1) of the Vehicle and Traffic Law. Assuming but not conceding this to be the case, more is required. The violation must be shown to be the cause or a contributing proximate cause of the accident and perusal of the record clearly shows that Craig's alleged violation was remote and bore no relationship to the accident. Neither Grueneberg nor Mrs. Warner, under the circumstances, was authorized to proceed wantonly and blindly without reference to other vehicles, but was bound to use care to avoid a collision such as an ordinarily prudent man would have used under the circumstances (*Shea* v. *Judson*, 283 N. Y. 393). A jury's verdict should not be interefered with unless it is clearly against the weight of the evidence and by that is meant so clearly wrong that "no reasonable man would solve the litigation in the way the jury has chosen to do" (*Rapant* v. *Ogsbury*, 279 App. Div. 298, 299). It is urged by Warner that the court erred in its reading to the jury of subdivision (e) of

section 1180 of the Vehicle and Traffic Law by omitting the word "and". While this was an error, a reading of the record and the charge in reference to the liability aspect demonstrates that the charge was fair and just and the error does not rise to a level requiring reversal. We have examined the appellants' other contentions in reference to liability and find them without merit. The record amply supports the jury's determinations as to the liability and its apportionment and they should not be interfered with. On the subject of damages, a serious issue is raised by plaintiff on this appeal. At trial the plaintiff attempted to introduce in evidence nursing home bills amounting to $12,291.17. This amount had been paid to the nursing home by the Otsego County Social Services Department (Department) for care rendered to the plaintiff. The court excluded the offer for the stated reason that the Department had not proceeded pursuant to section 104-b of the Social Services Law and obtained a lien. This failure led the court to conclude that these payments made by the Department must be deemed to have been gratuitous payments and therefore inadmissible. We disagree. Subdivision 1 of section 104 of the Social Services Law, which must be read in conjunction with section 104-b of the Social Services Law, provides in pertinent part. "A public welfare official may bring action or proceeding against a person discovered to have real or personal property * * * if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care." This same section also provides that the acceptance of care and assistance constitutes an implied contract. Such a reading, in our view, leads to the conclusion that section 104-b of the Social Services Law merely provides the mechanism or method by which the Department may obtain a lien and thereby become a secured creditor. The failure to seek and obtain a lien in no way extinguishes or qualifies the right to proceed under subdivision 1 of section 104 of the Social Services Law and thereby attain the status of a preferred creditor. Accordingly, the exclusion of the bills for nursing home care, which the evidence establishes as being causally related to plaintiff's injuries, was clearly erroneous and under normal circumstances would require that the question of damages be relitigated *in toto*. However, the plaintiff's advanced age and extremely poor physical condition, the high cost in time and money of another complete trial, and the interest of justice are all compelling circumstances which militate against such an extensive procedure. Therefore, the matter should be remitted for a new trial solely on the issue of the fairness and reasonableness of the nursing home charges. Whatever amount is thereby determined by the jury to be fair and reasonable should then be added to the previously rendered verdict and apportioned among the defendants in accordance therewith. Judgment modified, on the law and the facts, and matter remitted for a new trial limited solely to the issue of the fairness and reasonableness of the charges for nursing home care, and, as so modified, affirmed, with separate bills of costs to plaintiff Kinsfather and defendant Craig. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.