OPINION OF THE COURT
Thomas E. Mercure, J.
This is an application by the defendant, Gertrude Call, for an order confirming.the referee’s report rendered in this surplus money proceeding.
On October 7,1981, the premises owned by Gertrude and David Call, as tenants in common, were sold at a foreclosure sale. The sale generated $22,010.45 in surplus moneys. Thereafter, pursuant to RPAPL 1361, this court (Granule, J.), appointed a referee to ascertain and report the amount due to Gertrude Call or to any other person who had filed a notice of claim on the aforesaid surplus moneys.
In addition to Gertrude Call, there were two other claimants: the Marine Midland Bank, which held a $3,224.98 judgment against David Call, and the Hamilton County Department of Social Services (DSS), which had a $5,027.47 claim for assistance it had rendered to David Call. Gertrude Call’s claim was for moneys expended to protect and preserve the mortgaged premises. Said claim totaled $7,549.88.
*40 After an extensive hearing, the referee concluded that, after payment of the expenses of the proceeding and the referee’s fee, David and Gertrude Call are entitled to share equally in the surplus moneys. He further concluded, that the Marine Midland Bank had a first lien on David Call’s share in the amount of $3,224.98, with interest from October 25, 1976, and that Gertrude Call is entitled to be reimbursed for one half of the moneys expended in preserving the premises, from Mr. Call’s share.
The referee rejected the claim of the DSS since it had not filed a lien against the realty prior to the sale in foreclosure.
The DSS, as an intervenor herein, objects to the confirmation of the referee’s report on the contention that it is entitled to be reimbursed from David Call’s share, pursuant to section 104 of the Social Services Law.
Under section 104, a social services department is permitted to seek recoupment of aid paid a recipient whenever it discovers the recipient to be in possession of property in the nature of a “windfall”. (See Matter of Colon, 83 Misc 2d 344.) The right to seek recoupment does not arise out of a lien, but is based upon a theory of implied contract. (See Baker v Sterling, 39 NY2d 397-410). While it is true that a social services department may file a lien under section 104-b, that lien does not create the department’s right of recoupment, but merely provides a procedural device to facilitate the right of recovery that exists by virtue of section 104 (see Baker v Sterling, supra, p 405). It follows, therefore, that since a recipient’s interest in a surplus money proceeding is in the nature of a “windfall” (see McLaren v McLaren, 99 Misc 2d 797) the DSS had a right to seek recoupment from David Call’s share even though it had not filed a lien against the realty.
Accordingly, paragraphs “1”, “4” and “5” of the referee’s conclusions of law are hereby stricken, and the following are substituted herewith:
1. Deleted.
4. The Hamilton County Department of Social Services, a preferred creditor pursuant to subdivision 1 of section 104 of the Social Services Law, is entitled to be reimbursed *41 from David Call’s share of the surplus moneys in the sum of $5,027.47.
5. The balance of David Call’s share, if any, shall be paid to Gertrude Call, in satisfaction of her claim to one half of the moneys she expended to maintain and preserve the mortgaged premises.
As modified, the referee’s report is confirmed. I shall fix his fee in the sum of $750; and I shall fix his disbursements in the sum of $176.