■ In the Matter of BESSIE LONG, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated June 23, 1988, which, after a fair hearing, affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services authorizing the recovery of $15,583.90 from the petitioner's initial award of Supplemental Security Income, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered July 10, 1989, as dismissed her first, second, fourth and fifth causes of action and

remitted the matter to the State Commissioner for further proceedings.

Ordered that on the court's own motion, the petitioner's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Brown, and leave to appeal is granted by Justice Brown (see, CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In December 1981, prior to applying for interim home relief from the Nassau County Department of Social Services (hereinafter the local agency), the petitioner applied to the Social Security Administration for Supplemental Security Income (hereinafter SSI) benefits. In December 1982, while the petitioner's application for SSI benefits was pending, and while she was receiving Home Relief assistance, she executed a New York State Department of Social Services recertification form wherein she agreed to have any subsequent retroactive SSI payments sent to the local agency and further agreed to have deducted from the payment an amount equal to the sum of all public assistance payments made to her.

In 1988 after the local agency received the petitioner's initial SSI check and deducted $16,626 from the amount received leaving her with a balance of $169.29, she requested a fair hearing to challenge the local agency's determination to retain the remainder of the award. The Administrative Law Judge found that the petitioner was entitled to an additional $1,042.00 but held that the local agency had the authority to retain the remainder of the SSI award.

In a determination dated June 23, 1988, the State Commissioner found that the petitioner had executed a valid authorization for recoupment when she signed the recertification form in December 1982, and affirmed the local agency's determination. The Supreme Court annulled the State Commissioner's determination, finding that the agency had violated the doctrine of administrative stare decisis by failing to explain its departure from its prior precedent, and remitted the matter to the State Commissioner so that he could provide an explanation. The court also dismissed the petitioner's remaining causes of action.

On appeal, the petitioner argues that it was error to remit the matter to the State Commissioner and further contends that the recertification form she executed, which allegedly allowed the local agency to retain her SSI benefits, was not a

valid authorization and therefore violated Federal law and the respondent's own regulations. We disagree.

There is nothing contained in any of the Federal or State statutes or regulations cited by the petitioner which mandates that a particular form be utilized to obtain an individual's consent to have a local agency retain his or her SSI benefits. The Federal regulation promulgated by the Secretary of the United States Department of Health & Human Services (see, 20 CFR 416.1902) merely indicates that the authorization must be acceptable to the Social Security Administration and the State involved.

Inasmuch as the Social Security Administration has complied with the authorization and did forward the petitioner's initial SSI check to the local agency, we may deem it to have accepted and consented to the use of the recertification form. Similarly, the Commissioner's use of the recertification form indicates that it was acceptable to him despite the fact that another authorization form was in use at the time. Accordingly, the authorization executed by the petitioner allowing the local agency to retain that portion of her SSI benefits which represented the amount of public assistance previously supplied to her in the form of Home Relief benefits was proper and did not violate 42 USC §§ 407, 1383 (g) (1), the accompanying regulations, or any State regulation. We note that the recertification form contained almost identical language to that utilized in the standard authorization form which the petitioner concedes would have been valid.

18 NYCRR former 370.7 (a) (4) provided, as a condition for the authorization's validity, that the form be executed "within" 180 days of applying for SSI benefits. The petitioner's recertification form was executed approximately one year after she applied for SSI benefits. Nevertheless, her authorization was valid.

The condition that the form be executed "within" 180 days of the application for SSI benefits was applicable to the individuals who applied for public assistance, executed an authorization form, and later applied for SSI benefits. Such individuals could not have been aware that they were assigning SSI benefits if the assignments were executed several months or perhaps even years prior to the applications for SSI benefits. To protect those individuals, 18 NYCRR former 370.7 (a) (4), provided that a new authorization must be executed "within" 180 days or the equivalent of roughly six months of applying for SSI benefits.

In the case at bar, the petitioner applied for SSI benefits prior to receiving interim assistance. Thus, when she executed the recertification form allowing the local agency to retain her SSI benefits, she knew or at least should have known what she was doing. The protection afforded by the 180-day requirement contained in the regulation cannot be applied to a situation wherein an individual applied for SSI benefits prior to applying for public assistance, because such a holding would have the effect of allowing an individual who applied for SSI benefits more than 180 days prior to applying for public assistance to remain in possession of a windfall regardless of any subsequent authorizations signed. Such a holding would have discouraged local agencies from providing relief to those who had already applied for SSI benefits, because any recoupment of the interim assistance would have been prohibited.

However, we agree with the Supreme Court that the State Commissioner violated the principles of administrative stare decisis when he failed to adhere to his previous determinations, which admittedly are in conflict with his present decision, and failed to provide an explanation therefor. It was proper to remit the matter to the State Commissioner for an explanation *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516; *see also, Matter of Martin [Troy Publ. Co.—Roberts],* 70 NY2d 679).

Finally, since the petitioner has only prevailed on the issue of administrative stare decisis, which does not share "a common nucleus of operative facts" *(Mine Workers v Gibbs,* 383 US 715, 725) with a Federal statutory claim, the Supreme Court properly denied her application for attorneys' fees under 42 USC § 1988 *(see, Matter of Gelin v Perales,* 149 AD2d 593).* Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.