■ In the Matter of SABRENA VERBAL, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review an amended determination of the respondent Commissioner of the New York State Department of Social Services, dated March 17, 1989, which, after a fair hearing, affirmed a determination of the Nassau County Department of Social Services which authorized the recovery of $6,499.78 from the petitioner's lump-sum award of Supplemental Security Income.

Adjudged that the amended determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

Jethro Verbal (hereinafter Verbal) was receiving Home Relief benefits from the Nassau County Department of Social

Services (hereinafter the NCDSS). On December 20, 1986, Verbal signed a recertification form (DSS-3174) as a condition of eligibility for continued public assistance. On or about February 5, 1987, Verbal applied for Supplemental Security Income (hereinafter SSI) benefits from the Social Security Administration (hereinafter the SSA). Verbal then signed another recertification form on October 5, 1987. On September 7, 1988, Verbal's application for SSI benefits was approved entitling him to retroactive benefits from February 5, 1987.

Between February 1987 and August 1988 Verbal received $6,499.78 in interim assistance in the form of Home Relief benefits from the NCDSS. Upon the approval of his SSI benefits, the SSA sent to the NCDSS Verbal's initial SSI payment of $8,305.36. NCDSS deducted the $6,499.78 which it had provided to Verbal and sent him the balance of $1,805.58.

Verbal challenges this action, claiming that the NCDSS was not authorized to make the deduction. He claims that he never signed a copy of the State authorization form (DSS-2424), and that the recertification form (DSS-3174), which he admits that he did sign, does not provide the requisite authorization.

In a recent case we stated:

"There is nothing contained in any of the Federal or State statutes or regulations cited by the petitioner which mandates that a particular form be utilized to obtain an individual's consent to have a local agency retain his or her SSI benefits. The Federal regulation promulgated by the Secretary of the United States Department of Health & Human Services (see, 20 CFR 416.1902) merely indicates that the authorization must be acceptable to the Social Security Administration and the State involved.

"Inasmuch as the Social Security Administration has complied with the authorization and did forward the petitioner's initial SSI check to the local agency, we may deem it to have accepted and consented to the use of the recertification form. Similarly, the Commissioner's use of the recertification form indicates that it was acceptable to him despite the fact that another authorization form was in use at the time. Accordingly, the authorization executed by the petitioner allowing the local agency to retain that portion of her SSI benefits which represented the amount of public assistance previously supplied to her in the form of Home Relief benefits was proper and did not violate 42 USC §§ 407, 1383 (g) (1), the accompanying regulations, or any State regulation. We note that the

recertification form contained almost identical language to that utilized in the standard authorization form which the petitioner concedes would have been valid" *(Matter of Long v Perales,* 172 AD2d 667, 669).

Therefore, assuming that Verbal's claim is true and he never in fact signed the DSS-2424 form which is used to provide the requisite authorization, his admitted signing of the recertification form did provide adequate authorization to the SSA and the NCDSS to treat Verbal's initial SSI payment in the complained-of manner.

Furthermore, even if Verbal had not signed any form which could be deemed valid authorization for the SSA and the NCDSS, "a local social services agency is authorized to seek recoupment of aid paid a recipient whenever it discovers the recipient to be in possession of a windfall" *(Matter of Lutz v Amrhein,* 151 AD2d 672, 674; *see,* Social Services Law § 104; *Fulton County Natl. Bank & Trust Co. v Call,* 117 Misc 2d 39). Therefore, as it is abundantly clear from the record that the NCDSS provided Home Relief benefits to Verbal and that Verbal received duplicative benefits, the NCDSS has the right to recoup the amount it provided to him.

We have examined Verbal's remaining contentions and find them to be without merit. Kunzeman, J. P., Harwood, Eiber and Balletta, JJ., concur.