[598 NYS2d 395]

Linda Pasciuta et al., Appellants, v Robert D. Forbes et al., Defendants, and Sullivan County Department of Social Services, Respondent.

Third Department, June 3, 1993

APPEARANCES OF COUNSEL

*Gary Waldman,* Monticello, for appellants.

*Michael C. Ross,* Liberty, for respondent.

**OPINION OF THE COURT**

CREW III, J.

At various times between 1987 and 1991, plaintiff Linda Pasciuta applied for and received public assistance benefits from the Sullivan County Department of Social Services (hereinafter DSS). In March 1991, Pasciuta was injured in an automobile accident; Pasciuta and her spouse (hereinafter collectively referred to as plaintiffs where appropriate) thereafter commenced this personal injury action, which settled in October 1991 for $10,000. In the interim, on or about July 23, 1991, DSS served Pasciuta's attorney with a notice of lien for public assistance and care on claims and suits and subsequently set the amount of the lien at $3,476.79. Plaintiffs thereafter moved to vacate the lien and requested, in the event that Supreme Court determined that the lien was enforceable, that DSS be directed to pay a pro rata share of counsel fees. Supreme Court denied plaintiffs' motion in its entirety and this appeal ensued.

At common law, the recipient of public assistance was not obligated to repay, and hence a public welfare official was not authorized to recover, sums properly expended on the recipient's behalf *(see, Baker v Sterling,* 39 NY2d 397, 401; *Mendelson v Transport of N. J.,* 113 AD2d 202, 204, *lv denied* 68 NY2d 602). Legislation authorizing public welfare officials to recover amounts paid to public assistance recipients has existed since 1901 *(see,* L 1901, ch 664) and is presently found in Social Services Law § 104 (1) which provides, in pertinent part, that "[a] public welfare official may bring [an] action or proceeding against a person discovered to have real or personal property * * * if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care". This right of recoupment is explicitly

based upon a theory of implied contract *(see,* Social Services Law § 104 [1]; *see also, Baker v Sterling, supra,* at 410 [Fuchsberg, J., concurring]; *Kinsfather v Grueneberg,* 47 AD2d 789, 791; *Fulton County Natl. Bank & Trust Co. v Call,* 117 Misc 2d 39, 40).

In 1964 the Legislature, in an apparent attempt to streamline the recoupment process, enacted a provision empowering local agencies to establish a lien in personal injury actions brought by the recipient of public assistance *(see,* L 1964, ch 382, as renum by L 1971, ch 550, § 1). Social Services Law § 104-b (1) provides, in relevant part, as follows: "If a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and care furnished by such public welfare official *on and after* the date when such injuries were incurred" (emphasis supplied). The Court of Appeals has instructed that the lien statute is purely a procedural device and in no way expands the scope of the remedy available under Social Services Law § 104 *(see, Matter of Thurston v Durose,* 76 NY2d 683, 686; *Baker v Sterling,* 39 NY2d 397, 404-405, *supra; see also, Kinsfather v Grueneberg,* 47 AD2d 789, 791, *supra; Fulton County Natl. Bank & Trust Co. v Call,* 117 Misc 2d 39, 40, *supra; Aubin v Russo,* 99 Misc 2d 783, 785; *Matter of Colon,* 83 Misc 2d 344, 354).

Thus, the statutory scheme offers public welfare officials two options: to recover directly in an action commenced against the recipient pursuant to Social Services Law § 104 (1) or to recover indirectly by enforcing a lien in the recipient's personal injury action in accordance with Social Services Law § 104-b (1) *(see, Baker v Sterling, supra,* at 404-405).* Here, it would appear that DSS has blurred the distinction between

---

* Social Services Law § 104-b (11) provides that "[t]he provisions of this section shall not be deemed to adversely affect the right of a public welfare official who has taken an assignment of the proceeds of any such right of action, suit, claim, counterclaim or demand, to recover under such assignment the total amount of assistance and care for which such assignment was made". Thus, while a lien filed in accordance with Social Services Law § 104-b (1) is limited to the total amount of assistance provided on or after the date of the underlying injury, "an assignment to recoup public assistance from the proceeds of a recipient's personal injury action, pursuant to Social Services Law § 104, is not limited to the period after the accident to

these methods of recovery by attempting to file a lien based upon an alleged assignment received from Pasciuta. This DSS cannot do.

A lien filed in accordance with Social Services Law § 104-b (1) is clearly limited to the total amount of assistance provided on or after the date of the underlying injury; thus, under the lien statute, DSS can only recover for assistance provided on or after March 5, 1991, the date of Pasciuta's accident. To the extent that DSS wishes to recover for assistance provided prior to that date, DSS may commence an action in accordance with Social Services Law § 104 (1). Inasmuch as the record fails to disclose that such an action has been commenced, we express no opinion as to the validity of the purported assignment and need not consider whether, in order to recover in such an action, DSS must first establish that plaintiffs were possessed of sufficient ability to support their children during the relevant time period. As for plaintiffs' request for counsel fees, we note that Social Services Law § 104-b does not provide for the deduction of counsel fees from the statutory lien (see, Mendelson v Transport of N. J., 113 AD2d 202, 210, supra; Rahl v Hayes 73 Corp., 99 AD2d 529, 530, lv denied 63 NY2d 609).

Weiss, P. J., Mikoll, Yesawich Jr. and Casey, JJ., concur.

Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied that portion of plaintiffs' motion seeking to vacate the lien as to assistance provided before March 5, 1991; motion granted to that extent and lien vacated as to said assistance; and, as so modified, affirmed.

---

the time of discontinuance, but can cover the period before the accident [as well]" (Mendelson v Transport of N. J., 113 AD2d 202, 208, supra).