[665 NYS2d 706]

In the Matter of Roy La Fave, Sr., Respondent, v Brian Wing, as Commissioner of the New York State Department of Social Services, et al., Appellants.

Third Department, November 26, 1997

### APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Lisa LeCours* and *Peter H. Schiff* of counsel), for Brian Wing, appellant.

*John W. Graham, Department of Social Services,* Canton, for Peter Phelan, appellant.

*Lisa A. Sizeland-Ross,* Ogdensburg, for respondent.

### OPINION OF THE COURT

YESAWICH JR., J.

Petitioner applied for Federal Supplemental Security Income (hereinafter SSI) benefits for the first time in 1977. In all, he filed five applications for SSI benefits, in January 1977, October 1978, February 1980, March 1981 and January 1990. The last of these applications was approved and an initial payment of $1,210.27—comprising benefits for the period from January 1990 through May 1990—was made in May 1990. Of the first four applications, each of which was denied, the one filed in October 1978 is relevant to this appeal. Petitioner's request for reconsideration of that application was rejected in March 1979, and no appeal was taken therefrom. However, in 1995, as the result of a Federal class action lawsuit challenging the Social Security Administration's method of evaluating claims filed by individuals suffering from ischemic heart disease *(see, State of New York v Sullivan,* 906 F2d 910, 912), petitioner's 1978 application was reevaluated and he was awarded benefits retroactively to the date of that application. The first payment thereof, which the record indicates encompassed benefits for 1986 through 1989, amounting to $11,105.15, was made in August 1995.

In the meantime, petitioner had applied for, and received, State-funded "interim assistance", in the form of home relief (*see*, Social Services Law § 157 [1]), from February 1986 through May 1990.* In all, petitioner received $15,055.41 in home relief allowances: $13,611.21 from February 1986 through December 1989 and $1,444.20 from January through May 1990. To receive these benefits, petitioner was required to, and did, expressly authorize the State to recoup, from the first SSI payment made (which would be sent directly to the local social services district), "an amount equal to the sum of all interim assistance made to or on behalf of [petitioner] * * * from the beginning of the month [he] applied for and [was] eligible for SSI". Insofar as relevant here, the record reflects that authorizations of this type were signed by petitioner in January 1986 and on several occasions thereafter, with the last such form apparently completed in December 1988.

The initial SSI benefit payment of $1,210.27, that was made pursuant to petitioner's January 1990 application, was sent to and retained by the St. Lawrence County Department of Social Services, as partial reimbursement for the $1,444.20 in home relief it had disbursed to petitioner from January through May 1990. When petitioner was informed that the August 1995 payment of $11,105.15 was also being forwarded directly to the County Department, which claimed entitlement to the entire amount as reimbursement for the home relief petitioner had received from 1986 through 1989, he challenged the County's right to retain those funds. After a fair hearing, respondent State Commissioner of Social Services found the recoupment permissible.

Petitioner then commenced this proceeding to annul that determination, arguing, *inter alia*, that given the previous ($1,210.27) payment of SSI benefits in May 1990, the August 1995 payment was not an "initial payment" of those benefits from which interim assistance could be recovered (*see*, *Matter of Rodriguez v Perales*, 86 NY2d 361, 367-368). Supreme Court agreed and granted the petition, prompting this appeal by respondents.

---

* From October 1978 to January 1986, petitioner received assistance through the Aid to Families with Dependent Children (AFDC) program. Aid furnished under this Federal program is not considered "interim assistance", within the meaning of the statutes and regulations which permit recovery of certain amounts that have been furnished by the State to a person awaiting approval of a claim for SSI benefits, when benefits are awarded retroactively (*see*, 20 CFR 416.1902). Accordingly, they are of no relevance to this appeal.

Fully mindful of the "strong underlying Federal policy forbidding attachment of SSI benefits", which dictates that the statutory exceptions to that general policy be strictly construed (*see, id.*, at 368), we are nevertheless of the view that the recoupment at issue here is allowable. The governing Federal statute expressly defines interim assistance as encompassing payments made by the State "during the period, beginning with the month following the month in which the individual filed an application for benefits * * * for which he was eligible for such benefits", and goes on to declare that reimbursement of these amounts may be obtained from the SSI benefits that have been "determined to be due" at the time of issuance of "the first payment * * * *with respect to*" that period (42 USC § 1383 [g] [3] [A]; [2] [emphasis supplied]). To adopt petitioner's proposed interpretation—that the first SSI payment made, regardless of the application to which it refers, constitutes the recipient's one and only "initial payment", and extinguishes respondents' right to reimbursement even with respect to assistance paid prior to the filing of that application—would not only be unreasonable, but would render portions of the cited language unnecessary and meaningless, in contravention of venerable principles of statutory construction (*see, Matter of Albano v Kirby*, 36 NY2d 526, 530; *Grich v Wood & Hyde Leather Co.*, 74 AD2d 183, 184).

Inasmuch as the payment received in 1990 was made on the January 1990 application, and could not possibly have included benefits accruing prior to the filing of that application, the 1995 payment was the first payment made with respect to "the period, beginning with the month following [October 1978] in which [petitioner] was eligible for [SSI] benefits". Accordingly, that payment was properly considered an initial payment, from which reimbursement for interim assistance paid during that period could be had (*see, Matter of Harder v Glass*, 234 AD2d 293, 294).

Petitioner's alternative argument for affirmance of Supreme Court's judgment, namely, that the County cannot retain the funds disbursed in August 1995 because none of the interim assistance reimbursement authorizations he had signed remained in effect at the time that payment was made, is also unconvincing. The authorization signed on January 3, 1986 was effective at the time it was signed because petitioner's 1978 application for SSI benefits—which had not yet been validly adjudicated (*see, State of New York v Sullivan*, 906 F2d 910, 917, *supra*)—

must be viewed as having been "on file" at that time; consequently, it was not necessary for petitioner to file another application for SSI benefits within 180 days to prevent the authorization from becoming invalid (*see, Matter of Long v Perales*, 172 AD2d 667, 670, *lv denied* 78 NY2d 854). And, since none of the other events that terminate such an authorization (*see*, 20 CFR 416.1906 [b], [c], [d]) occurred prior to the issuance of the first payment on that initial application in August 1995, the authorization was valid when that payment was made.

CARDONA, P. J., MIKOLL, CASEY and CARPINELLO, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.