■ In the Matter of RABI SOLEIMANI et al., Appellants, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [717 NYS2d 350] —In a hybrid proceeding pursuant to CPLR article 78 to review a lien in the sum of $57,133.78 asserted by the respondent Nassau County Department of Social Services pursuant to Social Services Law § 104-b against the proceeds of a settlement in favor of the petitioners in a personal injury action, and an action for a judgment declaring that an assignment of settlement proceeds executed by the petitioners in favor of the respondent Nassau County Department of Social Services is null and void, the petitioners appeal from a judgment of the Supreme Court, Nassau County (McCaffrey, J.),

entered July 13, 1998, which, *inter alia,* denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners failed to establish their entitlement to any relief from the assignment of settlement proceeds that they executed, which secured the respondent's rights to the proceeds of the petitioners' settlement to the extent of the amount of public assistance benefits received. The petitioners' reliance upon *Pasciuta v Forbes* (190 AD2d 375) is misplaced, as there is no evidence that the respondent has improperly attempted to recover settlement proceeds that are not subject to a lien under Social Services Law § 104-b. Indeed, the petitioners failed to establish the existence of a lien, its amount, or that the respondent attempted to enforce such a lien. Moreover, the petitioners' unsubstantiated claim of ignorance as to the effect of the assignment they executed is belied by the assignment's unambiguous provisions, and was, therefore, insufficient to warrant vacatur of the assignment (*see, Katz v Village of Southampton,* 244 AD2d 461; *Hillcrest Realty Co. v Gottlieb,* 234 AD2d 270). O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.