(April 12, 2011)

■ JOSEPH M. ADRIAN et al., Appellants, v TOWN OF YORKTOWN, Respondent. [920 NYS2d 411]—

In an action, inter alia, to recover damages for an alleged de facto condemnation, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated May 19, 2010, as granted that branch of the defendant's motion which was for summary judgment dismissing the fifth cause of action to recover damages for an alleged de facto condemnation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs acquired approximately 15 acres of property in the Town of Yorktown. In December 2000 they sold 11.07 acres of the property for the sum of $3,600,000. The plaintiffs allege that they were forced to sell the property at a loss because of the actions of the defendant, Town of Yorktown, starting in or about 1988 and continuing until December 2000, which effectively prevented them from being able to develop the property. These alleged actions included the denial of permits to build a car wash and an auto body shop, the denial of wetlands

permits, the imposition of onerous environmental regulations on a supermarket project to be built on the property, and the refusal to allow their property to be included in the sewer district. The plaintiffs argue that these actions, by depriving them of the economic use of their property, constituted a de facto taking.

" ' "[A] property owner who challenges land regulation as a taking has a heavy burden of proof. He [or she] must demonstrate, by 'dollars and cents evidence' . . . that under no permissible use would the parcel as a whole be capable of producing a reasonable return" ' " (*Darbonne v Goldberger*, 31 AD3d 693, 695 [2006], quoting *Briarcliff Assoc. v Town of Cortlandt*, 272 AD2d 488, 491 [2000]). "[T]he property owner must show . . . [that] the economic value, or all but a bare residue of the economic value, of the parcels must have been destroyed by the regulations at issue" (*de St. Aubin v Flacke*, 68 NY2d 66, 77 [1986]). The extent of monetary diminution necessary to support a conclusion that there was a taking requires a loss in value "one step short of complete" (*Noghrey v Town of Brookhaven*, 48 AD3d 529, 532 [2008]). Although the plaintiffs argue that $3,600,000 was a fraction of the value of the land, even assuming the value the plaintiffs' appraiser assigned to the land, $10,000,000, represented its true value, the difference between $10,000,000 and $3,600,000 does not constitute a diminution in value sufficient to demonstrate a de facto taking (*see e.g. Village of Euclid v Ambler Realty Co.*, 272 US 365, 384 [1926]; *McGowan v Cohalan*, 41 NY2d 434 [1977]; *Briarcliff Assoc. v Town of Cortlandt*, 272 AD2d at 491).

The plaintiffs' remaining contentions are without merit.

Accordingly, the defendant demonstrated its prima facie entitlement to judgment as a matter of law, and, in opposition, the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Therefore, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the fifth cause of action which sought damages for an alleged de facto condemnation. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.