In an action for a judgment declaring that New York State watershed protection regulations promulgated by the New York State Department of Health pursuant to article 11 of the Public Health Law are invalid as applied to the plaintiffs property and constitute an unconstitutional taking of that property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated July 23, 2012, as granted that branch of the defendants’ motion which was to dismiss the complaint for lack of subject matter jurisdiction pursuant to CPLR 3211 (a) (2).
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff owns a 16.81 acre parcel of real property (hereinafter the property) in the Village and Town of Monroe (hereinafter together Monroe). The plaintiff proposed to develop the property by subdividing it into three lots of slightly larger than five acres each and then constructing an individual residential dwelling on each lot. However, because the property is within the Lake Mombasha watershed, it is subject to watershed protection regulations promulgated by the State pursuant to article 11 of the Public Health Law (hereinafter the regulations). The regulations impose strict standards on septic systems. Monroe rejected the plaintiffs proposed development because the necessary septic systems would violate the watershed regulations. The plaintiff has commenced various actions challenging the application of the regulations to its property. The plaintiff contends that the application of the regulations constitutes a taking of its property in violation of the Fifth Amendment to the United States Constitution and NY Constitution, article I, § 7 (a).
One of the actions (hereinafter the prior action) was, like the instant action, commenced in the Supreme Court, Orange County, against New York State and Nirav R. Shah, as the Commissioner of the New York State Department of Health (hereinafter together the State). In the prior action, the plaintiff sought a judgment declaring that the watershed regulations effectuated an unconstitutional taking as applied to its property. It also sought a judgment in the sum of $1,000,000 as just compensation for that taking. The State moved to dismiss the prior action pursuant to CPLR 3211 (a) (2) on the ground that the Supreme Court lacked subject matter jurisdiction over it, and *804 the Supreme Court granted the motion. The Supreme Court held that exclusive subject matter jurisdiction of the dispute rested in the Court of Claims (see Monroe Equities LLC v State, Sup Ct, Orange County, Apr. 30, 2012, index No. 004037/11). Shortly thereafter, the plaintiff commenced the instant action, in which it seeks the same declaratory relief as in the prior action, but no money damages. The State moved to dismiss the complaint, inter alia, for lack of subject matter jurisdiction, and the Supreme Court granted the motion, holding, in pertinent part, that the Court of Claims has exclusive subject matter jurisdiction over the plaintiffs claim.
The plaintiff acknowledges that the instant action for a judgment declaring an unconstitutional taking is a precursor to the commencement of an action to recover damages in the Court of Claims based on that taking. The plaintiff, in effect, seeks to bifurcate its claim: to establish the State’s liability in the Supreme Court, and then to establish damages in the Court of Claims. The State Constitution, however, vests the Court of Claims with exclusive subject matter jurisdiction over claims against the State for appropriation of real property (see NY Const, art VI, § 9; Court of Claims Act § 9 [2]). The plaintiffs action runs afoul of this exclusive grant. Therefore, we agree with the Supreme Court that it lacks subject matter jurisdiction over the plaintiff’s claim (see Matter of Minimax Realties v Coughlin, 132 AD2d 875, 876-877 [1987]; Automated Ticket Sys. v Quinn, 90 AD2d 738 [1982], affd 58 NY2d 949 [1983]; cf. Matter of Barrier Motor Fuels v Boardman, 256 AD2d 405, 405-406 [1998]).
The plaintiffs remaining contentions are without merit. Accordingly, the Supreme Court properly granted that branch of the State’s motion which was to dismiss the complaint for lack of subject matter jurisdiction pursuant to CPLR 3211 (a) (2).
In light of our determination, it is unnecessary to consider the State’s remaining contentions. Skelos, J.E, Balkin, Lott and Hinds-Radix, JJ., concur.