■ MONROE EQUITIES, LLC, Appellant, v STATE OF NEW YORK, Respondent. [43 NYS3d 103]—

Appeal by the claimant from an order of the Court of Claims (Stephen J. Mignano, J.) dated August 25, 2014. The order, insofar as appealed from, denied the claimant's motion for summary judgment on the issue of liability and, upon searching the record, awarded the defendant summary judgment dismissing the claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2005, the claimant acquired title to an undeveloped 16.81-acre parcel of real property in the Village and Town of Monroe, designated as Tax Map section 37, block 1, lot 26.2. The

property is in the RR 1.5 ac zoning district, for which permissible uses include, "Single Family detached dwellings on lots of 3 or more acres in size." In 2006, the claimant applied for approval to develop the property by subdividing it into three lots and then constructing a single-family dwelling on each lot. The proposal included installation of a septic system for each of the three dwellings. The property is located within the Lake Mombasha watershed, and is subject to watershed protection regulations promulgated on November 9, 1920, by the New York State Department of Health (hereinafter the DOH) pursuant to article 11 of the Public Health Law. As relevant here, the watershed regulations prohibit the placement of a subsurface sewage disposal system within 300 feet of Lake Mombasha (see 10 NYCRR 133.11 [d] [4] [v]). The claimant's subdivision application was denied by the Town Planning Board in November 2008 because the necessary septic systems would violate the watershed regulations.

Since 2009, the claimant has commenced various actions against the State of New York (hereinafter the defendant) challenging the application of the regulations to its property. On a prior appeal, this Court affirmed an order of the Supreme Court granting that branch of the defendant's motion which was to dismiss the claimant's complaint seeking a judgment declaring that the watershed regulations constituted an unconstitutional taking as applied to its property, on the ground that the Supreme Court lacked subject matter jurisdiction over the claim (see Monroe Equities, LLC v New York State, 111 AD3d 803 [2013]).

In August 2012, the claimant filed the instant claim against the defendant in the Court of Claims to recover damages in the sum of $1,000,000, contending that the application of the watershed regulations constituted a per se taking under Lucas v South Carolina Coastal Council (505 US 1003 [1992]) requiring compensation under the Takings Clause of the United States Constitution because the claimant was deprived of all economically beneficial use of its property. The claimant then moved for summary judgment on the issue of liability, and the defendant cross-moved to dismiss the claim on the grounds that the claim was untimely and that it failed to state a viable claim since the claimant was barred from offering the expert proof necessary to sustain its claim at trial.

In the order appealed from, the Court of Claims denied the claimant's motion and, upon searching the record, awarded summary judgment to the defendant dismissing the claim on the ground that "the facts and circumstances presented in this

matter demonstrate that nothing was taken from claimant to which he had an 'of right' entitlement at the time of purchase" and, therefore, no taking had occurred under *Lucas*. As to the defendant's cross motion, the court denied that branch of the cross motion which was to dismiss the claim as untimely, and found it unnecessary to reach the other branch of the cross motion in light of its determination on the merits. The claimant appeals, arguing that the court erred in concluding that there was no per se taking under *Lucas*.

The Takings Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment (*see Chicago, B. & Q. R. Co. v Chicago*, 166 US 226 [1897]), provides that private property shall not "be taken for public use, without just compensation" (US Const Amend V). The Takings Clause "is designed not to limit the governmental interference with property rights *per se*, but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking" (*First English Evangelical Lutheran Church of Glendale v County of Los Angeles*, 482 US 304, 305 [1987]). In addition to physical takings, the United States Supreme Court has recognized that "government regulation of private property may, in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster—and that such 'regulatory takings' may be compensable under the Fifth Amendment" (*Lingle v Chevron U.S.A. Inc.*, 544 US 528, 537 [2005]; *see Pennsylvania Coal Co. v Mahon*, 260 US 393, 415 [1922]).

The United States Supreme Court has "generally eschewed" any set formula for identifying regulatory takings, choosing instead to engage in " 'essentially ad hoc, factual inquiries' " considering a number of factors (*Lucas v South Carolina Coastal Council*, 505 US at 1015, quoting *Penn Central Transp. Co. v New York City*, 438 US 104, 124 [1978]). However, it has recognized two categories of regulatory action that will be deemed per se takings for Fifth Amendment purposes, without the need to engage in case-specific inquiries: (1) regulations that compel the property owner to suffer a permanent physical invasion of the property, and (2) regulations that completely deprive an owner of "all economically beneficial use[ ]" of the property (*Lucas v South Carolina Coastal Council*, 505 US at 1019 [emphasis omitted]; *see Lingle v Chevron U.S.A. Inc.*, 544 US 528, 538 [2005]).

The instant claim asserts that the State's watershed regulations have deprived the claimant of all economically beneficial use of the property at issue and thus there has been a categori-

cal or per se taking within the meaning of *Lucas* (505 US 1003). In the *Lucas* context, the complete elimination of a property's value is the determinative factor (*see Lucas v South Carolina Coastal Council*, 505 US at 1017; *Lingle v Chevron U.S.A. Inc.*, 544 US at 539). Here, in support of its motion for summary judgment, the claimant failed to establish, prima facie, that the subject property has suffered a complete elimination of value as a result of the watershed regulations (*cf. Adrian v Town of Yorktown*, 83 AD3d 746, 747 [2011]; *Matter of Friedenburg v New York State Dept. of Envtl. Conservation*, 3 AD3d 86, 93 [2003]). Accordingly, the Court of Claims properly denied the claimant's motion.

Furthermore, the Court of Claims did not improvidently exercise its discretion in searching the record on the claimant's motion and awarding summary judgment to the defendant dismissing the claim on the ground that the record established that no taking had occurred (*see* CPLR 3212 [b]). A threshold inquiry in any regulatory takings claim is whether the proscribed use was part of the landowner's title to begin with (*see Lucas v South Carolina Coastal Council*, 505 US at 1027; *Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603, 613-614 [1997]). Courts have long recognized that a property interest must exist before it may be "taken" (*United States v Willow River Power Co.*, 324 US 499, 502-503 [1945]; *see Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d at 613). Here, the record establishes that the claimant never possessed the right to install a septic system on its property, and the watershed regulations "inhere[d] in the title itself" and were part of the "background principles of the State's law of property" long before the claimant acquired title (*Lucas v South Carolina Coastal Council*, 505 US at 1029; *see Soon Duck Kim v City of New York*, 90 NY2d 1, 5-8 [1997]).

The claimant acquired title to the subject parcel of land in 2005, 85 years after the watershed regulations first went into effect. Furthermore, in opposition to the claimant's motion, the defendant submitted evidence that the claimant's parcel was once joined with abutting lands that were split into separate parcels in 1989. Thus, the right to install a septic system was never part of the "bundle of rights" the claimant acquired with title to the property and the claimant cannot succeed on its takings claim (*see Soon Duck Kim v City of New York*, 90 NY2d 1 [1997]; *Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603 [1997]).

Contrary to the claimant's contention, the United States

Supreme Court's decision in *Palazzolo v Rhode Island* (533 US 606 [2001]) does not compel a contrary result. In *Palazzolo*, the Supreme Court declined to adopt a blanket rule that purchasers with notice have no compensation right when a claim becomes ripe and it expressly stated that a regulatory takings claim "is not barred by the mere fact that title was acquired after the effective date of the state-imposed restriction" (*id.* at 630). Nevertheless, the Court emphasized that it had "no occasion to consider the precise circumstances when a legislative enactment can be deemed a background principle of state law or whether those circumstances are present here. It suffices to say that a regulation that otherwise would be unconstitutional absent compensation is not transformed into a background principle of the State's law by mere virtue of the passage of title" (*id.* at 629-630). Resolution of the instant claim does not rely upon application of a blanket rule. As discussed above, the record establishes that the right to install a septic system was never part of the bundle of rights acquired by the claimant.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Court of Claims properly denied the claimant's motion for summary judgment and, upon searching the record, awarded the defendant summary judgment dismissing the claim. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.