Kirton v County of Westchester (2020 NY Slip Op 07181)





Kirton v County of Westchester


2020 NY Slip Op 07181


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-07983
 (Index No. 70522/17)

[*1]Glenn Kirton, appellant,
v
County of Westchester, respondent.


Aaron G. Baily, Hawthorne, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and Justin R. Adin of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated June 7, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was, in effect, for summary judgment declaring that it is entitled to a lien on the plaintiff's settlement proceeds in the amount of $14,890.76.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant is entitled to a lien on the plaintiff's settlement proceeds in the amount of $14,890.76.
In 2010, the plaintiff was injured when he tripped and fell on a sidewalk. He commenced a personal injury action against the alleged tortfeasors and, in February 2016, obtained a settlement in the amount of $125,000. From that award, his attorney was entitled to attorney's fees and costs in the amount of $42,124.
From the date of the accident through the date of the settlement, the plaintiff received $31,734.42 in temporary public assistance benefits. After receiving partial reimbursement from the Social Security Administration, the defendant asserted a lien on the settlement proceeds in the amount of $14,890.76. Thereafter, the plaintiff commenced this action seeking, among other things, a judgment declaring that the amount of the lien be reduced pro rata to account for the attorney's fees and costs incurred by him in pursuing the personal injury settlement. He alleged that enforcement of the lien, without any reduction, constituted a taking in violation of the Fifth Amendment. He also alleged that pro rata reduction of the lien was necessary to avoid unjust enrichment.
The defendant moved, inter alia, in effect, for summary judgment declaring that it is entitled to a lien on the plaintiff's settlement proceeds in the amount of $14,890.76. The Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
The lien placed pursuant to Social Services Law § 104-b on the proceeds of the plaintiff's personal injury settlement did not have to be reduced pro rata to compensate for attorney's [*2]fees and costs he incurred (see Pasciuta v Forbes, 190 AD2d 375, 378; Mendelson v Transport of N.J., 113 AD2d 202, 210; Rahl v Hayes 73 Corp., 99 AD2d 529). Moreover, the plaintiff has no viable Fifth Amendment taking claim because he did not have a property interest in that portion of the settlement proceeds that were subject to the defendant's lien (see American Economy Ins. Co. v State of New York, 30 NY3d 136, 155; Monroe Equities, LLC v State of New York, 145 AD3d 680, 683). Nor is there unjust enrichment on the part of the defendant, since it is only entitled to recover the medical expenses it paid on the plaintiff's behalf (see Social Services Law § 367-a[2][b]). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was, in effect, for summary judgment declaring that it is entitled to a lien on the plaintiff's settlement proceeds in the amount of $14,890.76.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant is entitled to a lien on the plaintiff's settlement proceeds in the amount of $14,890.76 (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court