Matter of New Cr. Bluebelt, Phase (Galarza--City of New York) (2022 NY Slip Op 03118)





Matter of New Cr. Bluebelt, Phase (Galarza--City of New York)


2022 NY Slip Op 03118


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-08422
 (Index No. 4018/07)

[*1]In the Matter of New Creek Bluebelt, Phase 4.
and
Ivan Galarza, respondent-appellant; City of New York, appellant-respondent.


Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Adam Dembrow and Michael Chestnov of counsel), for appellant-respondent.
Goldstein, Rikon, Rikon, Houghton, P.C., New York, NY (Jonathan Houghton and Ashley Levi of counsel), for respondent-appellant.
Esseks, Hefter, Angel, DiTalia & Pasca, LLP, Riverhead, NY (Steven R. Angel of counsel), for amicus curiae Pacific Legal Foundation.



DECISION & ORDER
In a condemnation proceeding, the condemnor, City of New York, appeals, and the claimant, Ivan Galarza, cross-appeals, from an order, judgment, and eighth separate and partial final decree (one paper) of the Supreme Court, Richmond County (Wayne P. Saitta, J.), dated March 29, 2018. The order, judgment, and eighth separate and partial final decree, insofar as appealed from, upon a decision of the same court dated January 12, 2018, made after a nonjury trial, finding that the claimant established that there was a reasonable probability that the imposition of wetlands regulations on the subject property would be found to constitute an unconstitutional taking, and that the claimant was therefore entitled to an increment above the regulated value of the property on the day of the taking, awarded the claimant, Ivan Galarza, the principal sum of $669,000 as just compensation for the taking of his property. The order, judgment, and eighth separate and partial final decree, insofar as cross-appealed from, upon the decision dated January 12, 2018, awarded the claimant, Ivan Galarza, the principal sum of only $669,000 as just compensation for the taking of his property.
ORDERED that the order, judgment, and eighth separate and partial final decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The claimant, Ivan Galarza, owned a vacant, unimproved, approximately 21,000-square-foot property near the eastern shore of Staten Island. The property is zoned for residential development, but the entirety of the property is designated as wetlands. On June 11, 2007, the City of New York acquired the property from the claimant by eminent domain as part of its New Creek Bluebelt stormwater management project. Thereafter, the claimant commenced this proceeding seeking compensation for the taking.
Following a nonjury trial, the Supreme Court awarded the claimant the principal sum of $669,000 as just compensation for the taking. The court based its award on findings that the claimant established that there was a reasonable probability that the imposition of the wetlands [*2]regulations on the property would be found to constitute an unconstitutional taking, and that the claimant was therefore entitled to an increment above the regulated value of the property on the day of the taking, representing the premium a reasonable buyer would pay for the probability of a successful judicial determination that the regulations were confiscatory. The City appeals, and the claimant cross-appeals.
An owner whose property has been taken in condemnation is entitled to just compensation (see US Const, 5th Amend; NY Const, art I, § 7[a]; EDPL 101). Just compensation for property taken in condemnation is generally determined by the property's market value at the time of the taking, that is, "the price a willing buyer would have paid a willing seller for the property" (Matter of Town of Islip [Mascioli], 49 NY2d 354, 360). "The property must be valued based on its highest and best use on that date, whether or not the owner was then using the property to its fullest potential, as legally restricted by all applicable governmental regulations then in effect" (Matter of New Cr. Bluebelt Phase 3, Staten Is. Land Corp. [City of New York], 168 AD3d 745, 746; see Matter of Town of Islip [Mascioli], 49 NY2d at 360). However, pursuant to the "'reasonable probability-incremental increase rule,' if the owner proves a reasonable probability that the regulations on the property could be invalidated in court as an unconstitutional taking, he or she is entitled to an increment above the value of the property as regulated, 'representing the premium a knowledgeable buyer would be willing to pay for a potential change to a more valuable use'" (Matter of New Cr. Bluebelt Phase 3, Staten Is. Land Corp. [City of New York], 168 AD3d at 746, quoting Chase Manhattan Bank v State of New York, 103 AD2d 211, 217; see Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York], 156 AD3d 163, 166; Matter of New Cr. Bluebelt, Phase 4, 122 AD3d 859, 861; Berwick v State of New York, 107 AD2d 79, 84).
The City's contention that the reasonable probability-incremental increase rule has been implicitly overruled is without merit (see Matter of New Cr. Bluebelt Phase 3, Staten Is. Land Corp. [City of New York], 168 AD3d at 747; Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York], 156 AD3d at 171-174). Moreover, the record supports the Supreme Court's determination that the claimant was entitled to an increment in this case.
Regulation of private property may, in some instances, be so onerous that its effect is tantamount to a direct appropriation or ouster (see Pennsylvania Coal Co. v Mahon, 260 US 393, 415). A categorical rule is applied where a regulation denies all economically beneficial or productive use of land (see Lucas v South Carolina Coastal Council, 505 US 1003, 1017). Contrary to the claimant's contention, the Supreme Court properly determined that the wetlands regulations did not effectuate a per se Lucas taking of the subject property based on the fact that the property retained a regulated value of $200,000. Although the wetlands regulations effectively prohibit any development on the subject property, "[i]n the Lucas context, the complete elimination of a property's value is the determinative factor" (Monroe Equities, LLC v State of New York, 145 AD3d 680, 683; see Tahoe-Sierra Preservation Council, Inc. v Tahoe Regional Planning Agency, 535 US 302, 330; Lucas v South Carolina Coastal Council, 505 US at 1019 n 8).
In the absence of a categorical taking, courts eschew any set formula in determining if a taking has occurred, engaging in "essentially ad hoc, factual inquiries" (Penn Central Transp. Co. v New York City, 438 US 104, 124; see Murr v Wisconsin, ___ US ___, ___, 137 S Ct 1933, 1943; Lingle v Chevron U.S.A. Inc., 544 US 528, 538). Several factors are particularly relevant, including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action (see Penn Central Transp. Co. v New York City, 438 US at 124).
Here, given the 84% diminution in the value of the property, together with the effective prohibition on development of any part of the property effectuated by the wetlands regulations, the claimant established that there was a reasonable probability that the imposition of the wetlands regulations on the property would be found to constitute a regulatory taking (see Matter of New Cr. Bluebelt, Phase 3 [Baycrest Manor, Inc.—City of New York], 156 AD3d at 176-177; Matter of New Cr. Bluebelt, Phase 4, 122 AD3d at 862). Accordingly, the Supreme Court properly determined that the claimant established his entitlement to an increment (see Matter of New Cr. [*3]Bluebelt Phase 3, Staten Is. Land Corp. [City of New York], 168 AD3d at 747).
"When adding an increment to the value of vacant land to reflect its development potential, the specific increment which is selected and applied must be based on sufficient evidence and be satisfactorily explained" (Matter of New Cr. Bluebelt, Phase 4, 122 AD3d at 863). The Supreme Court properly utilized the methodology provided by the City's appraiser, based on the time, costs, and risks involved in pursuing a takings challenge to the wetland regulations. The cost of deregulation was deducted from the difference between the unregulated value after extraordinary costs and the regulated value. Adjustments were then made to account for risk and the present value of money.
Contrary to the claimant's contention, the City's appraiser properly relied upon the opinion of the City's legal expert in estimating the time and cost of a legal challenge to the regulations. The Supreme Court's determination that a legal challenge would take 3½ years and cost approximately $350,000 was "within the range of expert testimony . . . and adequately explained by the court" (Matter of City of New York [Reiss], 55 NY2d 885, 886; see CPLR 4213; Matter of City of New York [Eman Realty Corp.], 197 AD3d 705, 708). The claimant's challenges to the amounts deducted to account for risk and the present value of money are without merit. Finally, the court's determination of extraordinary costs was supported by the record.
The City's remaining contention is without merit.
Accordingly, the Supreme Court's determination to award the claimant the principal sum of $669,000 as just compensation for the taking of his property will not be disturbed.
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court