[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Louise Wallace appeals the decision of the defendant CHRO dismissing her complaint of unlawful discriminatory practice against her employer KX Industries. The defendant dismissed her complaint under General Statutes §46a-83(b); the plaintiff appeals pursuant to General Statutes §§ 46a-83a and 46a-94a. For the reasons set forth below, the court finds for the defendant.
The plaintiff filed a complaint with the CHRO on March 11, 1997, alleging that her employer KX Industries allowed its employee, Oscar McClain, to repeatedly sexually harass her in violation of § 46a-60 (Return of Record (ROR), p. 31). On April 16, 1997, KX Industries filed an answer to the plaintiff's complaint and filed responses to the CHRO's request for CT Page 8589 information. (ROR, 44-93.) The plaintiff did not respond to KX Industries' answer and responses.
The complaint was assigned to an investigator under §46a-83(b) who, on June 4, 1997, determined that there was no reasonable possibility that further investigation would result in a finding of reasonable cause. (ROR, 15). The plaintiff filed a request for reconsideration on June 17, 1997, to which a CHRO representative wrote a rebuttal. (ROR, 10-11; 9.) The reconsideration request was finally rejected on August 4, 1997. This appeal followed on August 21, 1997. The parties filed briefs, and oral argument took place on July 21, 1998.
In her main brief, the plaintiff raises several grounds for sustaining her appeal. She first argues that the CHRO's findings of fact as to KX Industries' remedial efforts are not supported by substantial evidence and its conclusions therefrom are unreasonable. She then claims that these findings and conclusions deprived her of due process of law. Her third claim is that the CHRO erred in finding that legitimate non-discriminatory reasons excused KX Industries from liability.
In a reply brief, the plaintiff raised additional grounds arising from new state legislation and new U.S. Supreme Court decisions. She claims that Public Act 98-245, effective October 1, 1998, will apply retroactively to provide that complaints dismissed under § 46a-83 can be brought de novo in Superior Court. She argues that under this explicit public policy, this court should remand her case to the CHRO to allow her to benefit from this new law. She also requests a remand in light of two Supreme Court decisions of June 26, 1998, namely, Faragher v.City of Boca Raton, ___ U.S. ___ No. 97-282 (1998) and BurlingtonIndustries v. Ellerth, U.S., No. 97-569 (1998). Finally, in response to the CHRO's brief, she claims that the CHRO abused its discretion in refusing to consider additional evidence submitted with the plaintiff's request for reconsideration.
In 1994, the legislature amended the statutes providing for the enforcement of anti-discrimination statutes by the CHRO. The statutory provision applicable to this case, General Statutes § 46a-83, reads, in pertinent part:
 (b) Within ninety days of the filing of a complaint, the executive director or his designee shall review the file. The review shall include the complaint, the respondent's answer and CT Page 8590 the responses to the commission's requests for information, if any, and the complainant's comments, if any, to the respondent's answer and information responses. If the executive director or his designee determines that the complaint fails to state a claim for relief or is frivolous on its face, or there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause, the complaint shall be dismissed.
Thus, the statute permits the CHRO to dismiss a complaint without conducting a full investigation. Nevertheless, under General Statutes § 4-183, this court must determine whether there is substantial evidence in the record to support the CHRO's determination that there is no reasonable possibility that an investigation will result in a finding of reasonable cause. "Reasonable cause" is "a bona fide belief that the material issues of fact are such that a person of ordinary caution, prudence and judgment could believe the facts alleged in the complaint." General Statutes § 46a-83(c).
The CHRO investigator concluded her review of the plaintiff's complaint under § 46a-83(b) with the following determination:
 Further, you are hereby notified that as a result of these activities, your complaint has been reviewed out for the reason that there is no reasonable possibility that further investigation will result in a finding of reasonable cause inasmuch as it was determined that the respondent appears to have taken actions necessary to remedy your complaint of sexual harassment. Your complaint affidavit indicates that you were sexually harassed until 12-30-96. You complained of sexual harassment to the respondent on 12-30-96. There is evidence to indicate that respondent investigated and disciplined Mr. McClain. There is no evidence to indicate that you were sexually harassed after that time. In that the respondent remedied your complaint they have met their legal obligations. You did not provide any additional or substantive evidence which might refute the response.
(ROR, 15.) In rejecting the plaintiff's reconsideration request, the CHRO concluded,
 By statute, merit assessment determinations are made based completely on the complaint affidavit, the answer and complainant's rebuttal, if any. Complainant's affidavit makes no claim of any complaints being made prior to December 30 nor was CT Page 8591 any rebuttal submitted disputing respondent's assertions that prompt and effective remedial action was taken that resulted in no further incidents. The file therefore fully supported the dismissal of this case.
(ROR, 7.)
The crux of the plaintiff's arguments in her main brief is that the CHRO should not have denied her a hearing because 1) she made out a prima facie case of sexual harassment and 2) the record was inadequate to decide the merits of KX Industries defenses. It is clear from a review of the record that the plaintiff relied solely on the allegations of her complaint until she requested reconsideration. Other than the complaint, the only evidence before the CHRO during the merit assessment review was provided by KX Industries[1]. (ROR, 41). The record reflects the following facts provided by KX Industries.
The plaintiff was and is employed by KX Industries assembling water filters. She began working there March 6, 1996. On December 30, 1996, she complained to Richard Ianuzzi, manager of Human Resources, that Oscar McClain had on "numerous occasions, touched her breasts and her buttocks as well as asked her when she would give him some of her . . . (private parts)." (ROR, 84, December 30, 1996 Memo of R. Ianuzzi.) On that day Ianuzzi went with the plaintiff to see Randy Shults, Director of Operations and McClain's supervisor, who heard the plaintiff's complaints. The plaintiff told Ianuzzi that another employee, Vincenza Piscitelli, had been sexually harassed by McClain. Ianuzzi spoke with Piscitelli on December 30, 1996, who confirmed that McClain had touched her and used similar language with her in the past. Also on December 30, 1996, Ianuzzi and Shults informed McClain of the charges of sexual harassment. He was issued a final warning and suspended without pay from December 30, 1996 to January 6, 1997. The plaintiff and Piscitelli were told of the action and agreed with it. (ROR, 55-56.)
KX Industries had established a policy against sexual harassment. (ROR, 47.) In the employee handbook at KX Industries, in addition to statements forbidding acts of sexual harassment, there is a procedure set forth for reporting such acts. (ROR, 83 and reverse 83.)
A basic principle of administrative law is that the scope of the court's review is very limited. CT Page 8592
 Our Supreme Court has established a firm standard that is appropriately deferential to agency decision making, yet goes beyond a mere judicial `rubber stamping' of an agency's decisions. Connecticut Light Power v. Dept. of Public Utilities Control, 219 Conn. 51, 57, 591 A.2d 1231 (1991); Woodbury Water Co. v. Public Utilities Commission, 174 Conn. 258, 260, 386 A.2d 232
(1978). Courts will not substitute their judgment for that of the agency where substantial evidence exists on the record to support the agency's decision, and where the record reflects that the agency followed appropriate procedures. Samperi v. Inland Wetlands Agency 226 Conn. 579, 587, 628 A.2d 1286 (1993); Lieberman v. State Board of Labor Relations, 216 Conn. 253, 262, 579 A.2d 505 (1990); Baerst v. State Board of Education, 34 Conn. App. 567, 571, 642 A.2d 76, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).
(Internal quotation marks omitted.) Cabasquini v. Commissioner of SocialServices, 38 Conn. App. 522, 525-26, cert. denied, 235 Conn. 906
(1995).
General Statutes § 4-183(j) in part provides:
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . New Haven v. Freedom of Information Commission,205 Conn. 767, 774, 535 A.2d 1297 (1988)." (Internal quotation marks omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 164-65 (1993). CT Page 8593
"Judicial review of [an administrative agency's action] is governed by the Uniform Administrative Procedures Act (General Statutes § c. 54, 4-166 through 4-189), and the scope of that review is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations omitted; internal quotation marks omitted.)Board of Education v. Freedom of Information Commission,208 Conn. 442, 452 (1988).
"Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.)Reden v. Kozlowski, 45 Conn. App. 225, 228 (1997). The plaintiff bears the burden of proof on this issue. "Rather than asking the reviewing court to retry the case de novo . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision." (Citations omitted; internal quotation marks omitted.)Newtown v. Keeney, 234 Conn. 312, 319 (1995).
Before reaching the substantive issues, the court addresses the plaintiff's claim that the CHRO abused its discretion in refusing to consider the evidence proffered on her request for reconsideration. Although she was notified of the opportunity at the beginning of the merit assessment review, the plaintiff did not comment on the employer's answer and informational responses. (ROR, 24.) In her request for reconsideration, she proffered new evidence that she and another employee had made complaints to either a supervisor or human resource manager prior to December 30, 1996.
(ROR, 11.)
Under the pertinent regulation, Conn. State Agency Reg. § 46a-54-79(d), the CHRO may reconsider the finding dismissing the complaint if
(1) an error of fact or law should be corrected;
 (2) new evidence has been discovered which materially affects the merits of the case and which, for good reasons, was CT Page 8594 not presented during the investigation; or
(3) other good cause for reconsideration has been shown.
The plaintiff offered no explanation as to why the evidence was not submitted during the merit assessment review process. The plaintiff had been advised more than once that her complaint would be processed pursuant to the steps set forth in § 46a-83(b). The CHRO did not abuse its discretion in disallowing new evidence after its determination and without any explanation of its late submission. Turner v. Commission on Human Rights andOpportunities, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 383393 (October 7, 1996, McWeeny, J.).
As to the plaintiff's claim that since her complaint set forth a prima facie case of sexual harassment it should have survived merit assessment review, the law is otherwise.
 In determining whether a complaint of discrimination in employment is supported by reasonable cause, the CHRO is not limited to determining whether the complainant can make a prima facie case. Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. 569, 579, cert. denied, 209 Conn. 813 (1988), cited with approval in Adriani v. Commission Human Rights and Opportunities, 220 Conn. 307, 315 (1991). Rather, the CHRO must look at the preliminary information as a whole in assessing whether reasonable cause, as defined in General Statutes § 46a-83(b), is or is not present.
Cohen v. Commission on Human Rights Opportunities, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 549621 (March 1, 1996), p. 7. Here, pursuant to the merit assessment review procedure under General Statutes § 46a-83(b), the CHRO could and did look beyond the allegations of the complaint to the employer's answer and responses to determine if there was a reasonable possibility that an investigation would result in a finding of reasonable cause. The court will not sustain the appeal on this ground.
The plaintiff also argues that the CHRO's dismissal deprived her of due process of law because issues of credibility and the merits of KX Industries' defenses should have been left to a hearing officer's determination. Specifically, she claims that it was error for the CHRO to dispose of her complaint "on the basis CT Page 8595 of KX Industries' denial of that claim and its self-serving claim that it had remediated the problem complained of." (Plaintiff's brief 8-9.) The problem with this argument is that the CHRO provided the plaintiff with the opportunity mandated by §46a-83(b) to respond to that denial and the "self-serving claim" of remediation, but the plaintiff did not take the opportunity. See Rogers v. Commission on Human Rights Opportunities,195 Conn. 543, 549 (1985). Tanis v. Commission on Human Rights Opportunities, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 134702, 17 Conn. L. Rptr. 607
(September 23, 1996, Maloney, J.) citing Superior Court decision inAdriani v. CHRO, Superior Court, judicial district of New Haven at New Haven, Docket No. 295066, 2 Conn. L. Rptr. 559 (October 1, 1990, Schimelman, J.). The court rejects the due process argument as stated.
In her main brief and her reply brief, the plaintiff claims that the CHRO erred in its application of the law by dismissing the complaint on the basis of KX Industries' informational responses. The plaintiff misconstrues the role of the CHRO in this statutory scheme. The purpose behind the discriminatory complaint procedure in §§ 46a-82 through 46a-96 in the context of discrimination in the workplace is to "restore those wronged to their rightful economic status absent the effects of the unlawful discrimination," and "to eliminate the discriminatory effects of the past as well as bar like discrimination in the future." State v. Commission on Human Rights Opportunities,211 Conn. 464, 484 (1989). Here, there is nothing before the CHRO to indicate any further harassment after the employer took action on December 30, 1996. No economic injury was alleged[2]. Further, the plaintiff signed a statement of remedy that evidenced her understanding that her full remedy from the CHRO would be "ceasing harassment." (ROR, 104.) The CHRO found that "prompt and effective remedial action was taken that resulted in no further incidents." (ROR, 7.) The record supports that finding with substantial evidence. The only practical relief available to the plaintiff under this statutory scheme had been achieved. Bridgeport Hospital v. Commission on Human Rights Opportunities, 232 Conn. 91, 111-12 (1995) (damages for emotional distress and attorney's fees not authorized under §46a-86(a) for discriminatory employment practices).
While the substantive law of sexual harassment may have changed during the pendency of this appeal, that development does not affect the result here. Both the U.S. Supreme Court decisions, Faragher v. City of Boca Raton, U.S. (1998) and Burlington Industries v. Ellerth, CT Page 8596___ U.S. ___ (1998), establish an employer's vicarious liability for sexual harassment by a supervisor with immediate or successively higher authority over the victimized employee. They further set forth an affirmative defense available to the employer. Here, the record shows that McClain was neither the plaintiff's immediate supervisor, nor one with successive higher authority. (ROR, 38, 91.) These decisions do not warrant a remand in this case.
Nor does Public Act No. 98-245 § 3 save the plaintiff's appeal.[3] Because she moved for reconsideration the plaintiff could not achieve de novo review in the Superior Court under that public act. Her argument that this law expresses a policy that all CHRO complaints dismissed under § 46a-83 are entitled to de novo review is similarly unsupported by the language of the statute. Public Act No. 98-245 amends General Statutes §46a-83a, providing, in pertinent part:
 If a complaint is dismissed pursuant to subsection (b) . . . of section 46a-83, as amended by this act, or is dismissed for failure to accept full relief pursuant to subsection (c) of said section 46a-83, as amended by this act, and the complainant does not request reconsideration of such a dismissal as provided in subsection (e) of said section 46a-83, as amended by this act, . . . the executive director of the commission shall issue a release and the complainant may, within ninety days of receipt of the release from the commission, bring an action in accordance with section 46a-100, as amended by this act, and sections 46a-102 to 46a-104, inclusive.
(Emphasis added.)
The plaintiff's appeal must be dismissed, not because there was insufficient proof of sexual harassment but because there was insufficient proof of the employer's liability for that harassment. The CHRO's findings and conclusions are supported by the record and the law.
Accordingly, the appeal is dismissed.
DiPentima, J.